United States Court of Appeals,

Fifth Circuit.

Nos. 91–4276, 91–4893

Summary Calendar.

Mario PRICHARD–CIRIZA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Dec. 3, 1992.

Petitions for Review of an Order of the Board of Immigration Appeals.

Before REAVLEY, JONES and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

Mario Prichard–Ciriza (Prichard), a.k.a. Mario Trevino–Ciriza, appeals (1) the dismissal of his deportation appeal by the Board of Immigration Appeals (BIA) [No. 91–4276] and (2) the BIA's denial of his motion to reopen deportation proceedings to apply for a waiver under section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c) [No. 91–4893]. We affirm both the dismissal of Prichard's appeal and the denial of his motion to reopen.

## I. BACKGROUND

Prichard is a 33 year-old native and citizen of Mexico. He became a permanent resident alien on January 26, 1982. He is married to a permanent resident alien. They have no children.

On June 25, 1987, Prichard was convicted of aggravated possession of cocaine. He was sentenced to ten years in the Texas Department of Corrections. Shortly after his conviction, on February 2, 1988, the Immigration and Naturalization Service (INS) served Prichard with an Order to Show Cause why he should not be deported, based upon his recent conviction, pursuant to 8 U.S.C. § 1251(a)(11).[1]

A. PRICHARD'S DEPORTATION HEARING.

---

[1]Under the current version of 8 U.S.C. § 1251, Prichard would be deportable under either § 1251(a)(2)(A)(iii) (aggravated felony) or § 1251(a)(2)(B)(i) (controlled substance).

On February 22, 1988, Prichard appeared before the Immigration Judge (IJ) along with twenty other aliens facing possible deportation. An interpreter was present. Prichard was not represented by counsel.

In the presence of all 21 aliens, the IJ informed them that they had the right to be represented by an attorney of their choice and at their own expense; that he would postpone any alien's individual hearing if he or she wished to obtain or speak to an attorney or if the alien needed additional time to prepare; and that he would reset any alien's hearing for another date "for any reason whatsoever." None of the aliens, including Prichard, indicated that he or she wanted the hearing postponed. The IJ also informed the aliens of the availability of free or low-cost legal assistance in the Houston area and of their right to appeal the IJ's decision to the BIA. The IJ showed the aliens an Order to Show Cause and ensured that each had received a copy stating his or her full, true, and correct name. Finally, the IJ informed the aliens that, should they be deported, they would be ineligible to return for five years without receiving special permission from the Attorney General. He then asked if there was anyone who wanted to postpone his or her hearing "for any reason whatsoever." Receiving no positive responses, the IJ administered the oath to the aliens and proceeded with their individual cases.

Addressing Prichard individually, the IJ again asked whether Prichard had received the information about legal services, the explanation of Prichard's appeal rights, and a copy of Prichard's Order to Show Cause. Prichard answered yes to all three questions. The IJ asked Prichard whether he wanted additional time to consult with an attorney or to prepare for his hearing. Prichard replied that he wanted to represent himself.

Prichard testified that he is a native of Mexico and a citizen of that country, not of the United States. He further testified that he last entered the United States on January 26, 1982, when he was admitted as a permanent resident alien, but that he had been in the United States "for a long time before that." He admitted to his June 25, 1987, conviction for cocaine possession. Prichard further admitted that he was subject to deportation as a result of that conviction.

The IJ subsequently rendered his decision, ordering Prichard deported to Mexico. Prichard

expressed his disagreement with the decision, thereby reserving his right to appeal. The IJ informed Prichard that, in order to timely perfect appeal, he would have until March 3, 1988 to file the forms provided by the IJ. The IJ also indicated that he would conduct a bond hearing for Prichard after he was through with the deportation hearings.

B. PRICHARD'S BIA APPEAL.

Prichard timely appealed the IJ's order to the BIA on the grounds that (1) he did not have advice of counsel, (2) he was not released from custody until February 25, 1988, which prevented him from obtaining counsel prior to filing his appeal, (3) his wife is a permanent resident, (4) his mother and United States citizen brother live in the United States, and (5) he has no immediate relatives in Mexico. Having subsequently obtained counsel, Prichard filed a brief in support of his appeal which claimed, additionally, that he was prejudiced by the consolidated deportation hearing in that (6) the IJ did not consider Prichard's possible claim to derivative United States citizenship based upon the citizenship of his father, (7) the IJ should have considered Prichard's eligibility for a waiver of deportation under section 212(c), and (8) the IJ's failure to inform Prichard of his right to request release from custody deprived Prichard of his right to counsel.

On February 5, 1991, the BIA denied Prichard's request that his case be remanded to the IJ and dismissed his appeal. The BIA held that Prichard had offered no evidence to the IJ which might have suggested that he had a legitimate claim to derivative United States citizenship. In fact, quite the contrary, Prichard admitted that he was a native and citizen of Mexico. Consequently, the IJ's decision to consolidate Prichard's hearing with those of the other aliens did not prejudice his ability to claim derivative citizenship.[2] The BIA further held that Prichard failed to satisfy the seven year requirement of section 212(c) as of the date of his deportation hearing, and that his statement that he had been in the United States "for a long time" was insufficient grounds for a waiver of

---

[2]This issue appears to have been finally put to rest by the affidavits of Prichard's mother, Maria S. Ciriza Vda de Prichard, dated September 6, 1978, and April 24, 1992, wherein she swears that Prichard's biological father was Alfredo Trevino, not George (a.k.a. Bill) Prichard. Subsequent to this latter affidavit, Prichard withdrew his claim to United States citizenship then pending before the district court. *Prichard–Ciriza v. INS,* Civ. No. H–92–422 (S.D.Tex. May 21, 1992).

deportability.[3]  Finally, with respect to the question of Prichard's custody and his access to counsel, the BIA held that the multiple offers by the IJ to postpone the proceedings so that Prichard could obtain counsel, or "for any reason whatsoever," as well as the fact that the IJ held a bond hearing at the conclusion of the deportation proceedings, were sufficient to give Prichard access to advice of counsel, if desired.  Prichard appeals the denial of his request for remand and the dismissal of his appeal.  [No. 91–4276]

C. PRICHARD'S MOTION TO REOPEN.

Prichard timely moved to reopen his deportation hearing for purposes of asserting (1) his eligibility for a waiver of deportation under section 212(c) and (2) his claim of derivative citizenship. The BIA denied Prichard's motion to reopen on the grounds that his claim of eligibility under section 212(c) had existed since January 26, 1989, but that Prichard had not advanced that claim with the proper evidence prior to the Board's February 1991 decision, and that any evidence as to Prichard's derivative citizenship claim was not "new evidence which had not ... been available," 8 C.F.R. § 3.2, prior to February 1991.  The BIA also found that Prichard was no longer eligible for section 212(c) relief because he was no longer a lawful permanent resident alien after the BIA's February 5th final administrative order of deportation.  Prichard appeals the denial of his motion to reopen.  [No. 91–4893]

## II. ANALYSIS

Prichard's various arguments on appeal before this court and the BIA can be consolidated into four issues:  (1) lack of assistance of counsel at his deportation hearing;  (2) his claim to derivative United States citizenship;  (3) his claim of eligibility for a section 212(c) waiver of deportation;  and (4) the "equities" favoring granting him a waiver of deportation.  Only the first and third issues are properly before this court.[4]

---

[3]The BIA left open the question of whether Prichard was entitled to apply for a section 212(c) waiver at the time of its decision since he had not filed a "properly supported" application for relief with the BIA prior to its decision.  A.R. 239 n. 1.

[4]As discussed before, Prichard has withdrawn his claim of derivative citizenship based upon a sworn affidavit by his mother that his natural father was Alfredo Trevino, not George Prichard. *See supra* note 2.  As for the facts that Prichard's wife and mother are resident aliens and he has a

A. Prichard's Right to Counsel at the Deportation Hearing.

A deportation proceeding is civil, not criminal, in nature, and various constitutional protections associated with criminal proceedings are not required. *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1038–39, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984). Specifically, no sixth amendment right to counsel exists in a deportation proceeding. *United States v. Campos–Asencio,* 822 F.2d 506, 509 (5th Cir.1987); *Trench v. INS,* 783 F.2d 181, 183 (10th Cir.), *cert. denied,* 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed.2d 403 (1986).

While Prichard was entitled to due process during his deportation hearing, "due process is not equated automatically with a right to counsel." *Michelson v. INS,* 897 F.2d 465, 468 (10th Cir.1990); *see Trench,* 783 F.2d at 183. "[B]efore we may intervene based upon a lack of representation, [Prichard] must demonstrate prejudice which implicates the fundamental fairness of the proceeding." *Michelson,* 897 F.2d at 468. He did not do so. The IJ repeatedly informed Prichard of his right to be represented by counsel, repeatedly ascertained that Prichard had received and had a chance to review the list of persons and organizations providing free or low-cost legal assistance, and repeatedly asked Prichard if he needed a postponement in order to secure counsel.[5] Furthermore, there is no indication that there were any grounds for relief available to Prichard *at the time of the deportation hearing* which an attorney might have brought to the IJ's attention. Therefore, we find that Prichard's lack of counsel at his deportation hearing is insufficient grounds to reverse the BIA's dismissal of his appeal.

B. Prichard's Eligibility for a Waiver of Deportation.

Section 212(c) of the INA allows the Attorney General to waive deportation of an eligible permanent resident alien, including one convicted of a controlled substances offense, so long as he or she has been in legal permanent residence for at least seven years. *Ghassan v. INS,* 972 F.2d 631,

United States citizen sibling, and the allegation that he has no immediate relatives in Mexico, these factors would only be relevant if this court were evaluating a denial of section 212(c) waiver. However, since neither the INS nor the Attorney General have denied Prichard's waiver application, these "equities" are irrelevant.

[5]The first two factors, alone, were sufficient to satisfy the "fundamental fairness" requirement in *Cobourne v. INS,* 779 F.2d 1564 (11th Cir.1986).

633–34 & n. 2 (5th Cir.1992). We turn to the questions of when Prichard's "legal permanent residence" began and ended for purposes of eligibility for a section 212(c) waiver.

Prichard argues that the IJ should have considered his lengthy presence in the United States prior to receiving his "green card" as indicating an intent to establish domicile sufficient to satisfy section 212(c). Alternatively, Prichard argues that, even if his "residence" did not begin until he was admitted as a permanent resident alien in January 1982, more than seven years passed between that time and when the BIA dismissed his appeal; and, therefore, he was eligible at that latter time (February 1991) to apply for a waiver.

The INS, on the other hand, argues that Prichard's section 212(c) "residence" did not begin until January 26, 1982,[6] and that he had not yet achieved seven years of "lawful unrelinquished domicile," 8 U.S.C. § 1182(c), when he was ordered deported by the IJ. Further, the INS argues that Prichard's application for a section 212(c) waiver in his motion to reopen is not timely, because the BIA's prior decision dismissing his appeal and affirming his order of deportation stripped him of his status as a lawful permanent resident, making him ineligible to apply for a waiver of deportation.

*1. Eligibility Following the BIA's Decision.*

Taking the last argument first, we are guided by *Rivera v. INS,* 810 F.2d 540 (5th Cir.1987), where, on rehearing, this court held that an alien's lawful resident status is terminated "after an adverse decision by the initial factfinder and an affirmance by the BIA following *de novo* review." *Id.* at 541; *accord Ghassan,* 972 F.2d at 637–38 (5th Cir.1992); *Gonzales v. INS,* 921 F.2d 236, 238–40 (9th Cir.1990); *Variamparambil v. INS,* 831 F.2d 1362, 1367 (7th Cir.1987); *but see Vargas v. INS,* 938 F.2d 358, 363 (2d Cir.1991).

The *Rivera* court reasoned:

Requiring the alien to assert his claim for discretionary relief from deportation while his

---

[6]The INS argues that only the Second Circuit has held that section 212(c) "residence" may begin prior to an alien becoming a permanent resident. *See Lok v. INS,* 548 F.2d 37, 38 (2d Cir.1977) [*Lok I* ]. In cases arising in all other jurisdictions, the INS argues that "the acquisition of 7 or more years of lawful unrelinquished domicile for purposes of eligibility under section 212(c) of the Act commences with the date of admission for permanent residence and not before." A.R. 238; *see, e.g., In re Anwo,* 16 I & N Dec. 293 (BIA 1977), *aff'd sub nom. Anwo v. INS,* 607 F.2d 435 (D.C.Cir.1979).

deportation order is on appeal to the Board permits the Board to consider both claims together....

....

The rule the appellant would have us adopt encourages an alien to wait until after he appeals the deportation order to the court of appeals before filing his petition for section 212(c) relief. This would require the immigration judge and the BIA to again review the alien's case to rule on the claim for section 212(c) relief. Such a rule would allow the alien to string out his claims, unnecessarily increase the Board's work load and delay the ultimate disposition of the case.

*Rivera,* 810 F.2d at 541–42.

We see no valid distinction between a *de novo* affirmance, as in *Rivera,* and a *de novo* review leading to the BIA's decision to dismiss Prichard's appeal. Therefore, we hold that Prichard's motion to reopen, based upon his application for waiver under section 212(c), is untimely.

*2. Eligibility at Time of Deportation Hearing.*

Because Prichard was not represented by counsel at his deportation hearing and made the statement that he had been in the United States "for a long time" prior to his legal admittance as a permanent resident alien, he argues that the IJ should have considered *sua sponte* his eligibility for a section 212(c) waiver. However, the statute clearly provides for the possibility of waiver only when the alien has established "a lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. § 1182(c). Since Prichard could not have been lawfully domiciled in the United States when he was in the United States illegally, the time he spent here as an illegal alien, even if it immediately preceded time spent as a lawful resident alien, could not count toward the seven year requirement.

We read *Lok v. United States,* 681 F.2d 107 (2d Cir.1982) [*Lok III* ], to hold that, while one need not be a *permanent* resident alien for the entire seven years in order to apply for a section 212(c) waiver, one must be a *lawfully* resident alien for the entire seven years to do so. *See id.* at 109–110.[7] An illegal alien is not a lawfully resident alien. *Id.* at 109. Neither the IJ nor the BIA erred by failing to consider Prichard's eligibility for a section 212(c) waiver at the time of his hearing before the IJ.

---

[7]For instance, if Prichard had been in the United States on a valid temporary work visa and had achieved permanent resident status *prior to* the expiration of that visa, then the time he was domiciled in the United States under the auspices of the visa might well count toward his seven year minimum. However, such was not the case. Prichard had been present in the United States as an illegal alien "for a long time" prior to being admitted as a permanent resident.

*3. Eligibility Prior to the BIA's Dismissal of Prichard's Appeal.*

We will address one final issue: whether Prichard became eligible to apply for a waiver of deportation during the course of his appeal to the BIA. Prichard filed his Notice of Appeal on March 2, 1988. The BIA dismissed his appeal on February 5, 1991. In the interim, on January 26, 1989, to be exact, Prichard "celebrated" the seventh anniversary of his admission to the United States as a lawful permanent resident alien. Did he, at that time, become statutorily eligible to apply for a waiver?

In *Anderson v. McElroy,* 953 F.2d 803 (2d Cir.1992), the petitioner was not statutorily eligible under section 212(c) at the time of his deportation hearing. While his appeal to the BIA was pending, however, the petitioner completed seven years as a lawful permanent resident and, in the words of the Second Circuit, "became eligible for § 212(c) relief." *Id.* at 806. The INS requested that the BIA remand the case to the IJ to determine petitioner's eligibility for relief from deportation. The BIA summarily denied the request. The Second Circuit held this to be an abuse of the BIA's discretion. *Id.*[8]

In *Ballbe v. INS,* 886 F.2d 306 (11th Cir.1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2166, 109 L.Ed.2d 496 (1990), the petitioner had entered the United States as a lawful permanent resident on May 12, 1977. On September 19, 1983, he was convicted of possession of cocaine with intent to distribute. The INS issued an Order to Show Cause on November 2, 1983, while Ballbe was still incarcerated; however his deportation hearing was not held until June 17, 1985. *Id.* at 307. The Eleventh Circuit, relying on its earlier holding in *Marti–Xiques v. INS,* 741 F.2d 350 (11th Cir.1984),[9]

_____

[8] We believe that when presented with a recommendation from the INS, with which a petitioner concurs, the BIA must give the INS' recommendation ample consideration.... Since the BIA gave no deference to the parties' request for a remand, and did not itself fully explore petitioner's eligibility for § 212(c) relief based on the evidence presented, we find that the BIA acted arbitrarily and capriciously.

*Anderson,* 953 F.2d at 806. Furthermore, the court stated that, had the petitioner's eligibility been raised on direct appeal, it "could have remanded the case to the IJ for a hearing on the § 212(c) motion." *Id.*

[9] In our view, the most viable and fair cutoff date is the date upon which the INS commences the deportation proceedings, *i.e.* when the order to show cause is issued. This choice eliminates both of the problems inherent in the "time of commission of a deportable act"

held that "the date to be used in determining whether an alien has maintained a lawful unrelinquished domicile for purposes of determining the alien's eligibility for section 212(c) relief is the date of issuance of the order to show cause." *Ballbe,* 886 F.2d at 309.

The Ninth Circuit appears to rest its determination of when eligibility for section 212(c) relief ends on the arguable merit of an alien's appeal(s). In *Wall v. INS,* 722 F.2d 1442 (9th Cir.1984), petitioner became a permanent resident alien on January 20, 1976. He subsequently pled guilty to a cocaine distribution charge and was found deportable on October 2, 1979. Wall appealed. The BIA affirmed on July 1, 1981. While his appeal was pending before the Ninth Circuit, Wall petitioned the BIA to reopen in order to apply for section 212(c) relief. The BIA denied Wall's motion to reopen on April 8, 1983, on the grounds that his lawful domicile terminated on July 1, 1981. *Id.* at 1442–43. The Ninth Circuit held that "Wall became statutorily eligible for [section 212(c) ] relief when he attained seven years of lawful domicile on January 20, 1983." *Id.* at 1445.

In *Torres–Hernandez v. INS,* 812 F.2d 1262 (9th Cir.1987), on the other hand, the Ninth Circuit held that an alien "should not be entitled to evade the requirements of 8 U.S.C. § 1182(c) by filing a frivolous appeal." *Id.* at 1264. The *Torres–Hernandez* court specifically distinguished *Wall* on the grounds that the latter case "did not ... involve a frivolous appeal" and thus "ha[d] no application to the question presented in" the case at hand. *Id.*

*Torres–Hernandez* is consistent with the Supreme Court's holding in *INS v. Rios–Pineda,* 471 U.S. 444, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985), wherein the Court upheld the BIA's finding that petitioners were not eligible for section 212(c) relief where their seven years of domicile accrued "while their meritless appeals dragged on." *Id.* at 450, 105 S.Ct. at 2102. This, of course, leaves the question: What constitutes a frivolous appeal for purposes of section 212(c)? In *Rios–Pineda,* the

cutoff date. First, regardless of the grounds for deportation, the date is readily ascertainable. Second, the Attorney General's discretion in granting § 212(c) relief is not overly restricted as would be the case with the earlier cutoff date. Furthermore, fixing the cutoff date as of the time of the issuance of the show cause order also avoids the problem of tying the accrual of § 212(c)'s seven-year period to the quirks and delays of the administrative and judicial processes. Therefore, we conclude that eligibility for § 212(c) relief is determined as of the date the order to show cause is issued.

*Marti–Xiques,* 741 F.2d at 355.

Supreme Court found "[n]o substance ... in any of the points raised on appeal, in and of themselves, and ... agree[d] with the BIA that they were without merit." *Id.* In *Torres–Hernandez,* the Ninth Circuit found that petitioner failed to present any newly discovered evidence in the motion to reopen, as required by 8 C.F.R. § 3.2. *Torres–Hernandez,* 812 F.2d at 1264.[10]

Given the facts of this case, we feel that *Anderson* is inapposite. The INS did not ask the BIA to reconsider Prichard's eligibility for section 212(c) relief. Lacking such a request, we are hard-pressed to accept the view that an alien's eligibility for a waiver of deportability continues until the day he or she is physically deported. On the other hand, we are not sure we would go as far as *Ballbe* and require that an alien's section 212(c) eligibility be judged, in all cases, as of the date the Order to Show Cause issues. That question we will save for another day.

What *is* clear is that Prichard's appeal to the BIA failed to present any arguments which could have motivated the BIA to reverse the IJ's finding of deportability. Prichard's right to counsel, to the extent that such exists in a civil deportation hearing, was not infringed upon by the IJ. Prichard has no valid claim to derivative United States citizenship. Prichard was not eligible for section 212(c) relief at the time of the deportation hearing. And Prichard's "equity" arguments did not affect the BIA's decision on the propriety of the IJ's findings; rather, they would be appropriate, if at all, only when considering whether to grant Prichard a waiver of deportability for which he was not qualified.

In light of *Rios–Pineda* and *Torres–Hernandez,* we decline to allow Prichard to count the time it took the BIA to dispose of his frivolous appeal toward the seven year unrelinquished domicile requirement of 8 U.S.C. § 1182(c). Therefore, since Prichard had not achieved seven years of unrelinquished domicile prior to the filing of his appeal, we hold that he did not satisfy the statutory requirement of 8 U.S.C. § 1182(c) and that the BIA did not err.

### III. CONCLUSION

We AFFIRM the decisions of the Board of Immigration Appeals in both No. 91–4276 and

---

[10]Specifically, petitioner claimed that the date of his entry into the United States was not available at the time of his deportation hearing because his status was not entered into the INS central index system until after his deportation hearing. However, his passport, which Torres–Hernandez introduced as an exhibit in his deportation hearing, "proved the date of his entry into the United States." *Torres–Hernandez,* 812 F.2d at 1264.

No. 91–4893.

AFFIRMED.