[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2005
THOMAS K. KAHN
CLERK

No. 04-13719
Non-Argument Calendar

_____

Agency No. A95-220-248

FERNANDO PINZON,
CLAUDIA PATRICIA ACEVEDO, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 14, 2005)

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Petitioners Fernando Pinzon ("Pinzon"), Claudia Patricia Acevedo, and Andres F. Pinzon (collectively "Petitioners"), through counsel, petition for review of the Board of Immigration Appeals's ("BIA's") order denying their motion to reopen and reconsider their exclusion proceedings because the Immigration Judge ("IJ") erroneously refused to grant asylum relief. We **AFFIRM**.

## I. BACKGROUND

Petitioners, natives of Columbia, entered the United States in November 2000. On 23 October 2001, Pinzon applied for asylum and withholding of removal, adding his wife and child as derivative applicants. The application noted that the Petitioners sought asylum because they feared that if they returned to Columbia, they would be killed.

According to the application, Pinzon's mother worked for the United States embassy in Columbia and upon her retirement, with more than 30 years of service to the embassy, was granted citizenship in and moved to the United States. After her move, Pizon claims that he and his family received threats from guerillas that threatened to kill them because of his mother's ties to the United States. In November 2000, Pinzon claims he fled to the United States because their "lives were in [] great danger."

In January 2002, Petitioners received notices to appear from the Immigration and Naturalization Service ("INS") charging them with being removable. On 9

2

April 2002, Petitioners appeared before an Immigration Judge ("IJ") pro se where the judge informed them of their right to counsel and rescheduled a follow-up hearing for 23 July 2002. At the July hearing, Petitioners appeared claiming that they hired an attorney, but he was not in the courtroom. The attorney had not filed a notice of appearance, so the IJ instructed the Petitioners to make contact with their attorney and tell him to file the notice. The IJ then set the asylum hearing for 11 June 2003.

On 11 June 2003, Petitioners attended the hearing with an attorney and conceded removability. During the hearing, Pinzon testified that while he was in Columbia he participated in a political organization, the Social Indigenous Alliance, that protected the indigenous minority ideals in Columbia. Furthermore, he testified that he was beaten by men who identified themselves as members of a guerilla group that was looking for his mother, and that he received a written death threat while in the United States.

The IJ denied the petition for asylum and withholding of removal finding that Pinzon "failed to present . . . credible and sufficient evidence to establish that he suffered past persecution on account of his political opinion," and he failed to "establish that he has a well-founded fear of future persecution." Moreover, the IJ made an adverse credibility finding, stating that Pinzon was not credible because

3

he left out significant details from his asylum application and his testimony was inconsistent.

Petitioners appealed the IJ's denial to the Board of Immigration Appeals ("BIA"). Although the BIA received the appeal, the Petitioners attorney failed to file a notice of appearance with the BIA. Petitioners filed their brief in the appeal late along with a request for extension of time because their attorney was hospitalized for cancer. However, the BIA denied the time extension request and subsequently affirmed the IJ's decision on 14 April 2004 noting that the Petitioners were considered pro se since their attorney failed to submit the notice of appearance.

On 14 May 2004, Petitioners filed a motion to reopen and/or reconsider the BIA's decision. They argued that new evidence not considered by the IJ required a reevaluation of the IJ's findings. Among other things, they claimed that guerilla activity in Columbia had worsened and that a 2001 United States Department of State report, summarizing guerilla activities in Columbia, made it unreasonable for Petitioners to safely return to Columbia. The BIA denied the motion to reopen and/or reconsider on 8 July 2004. Petitioners now bring this appeal.

## II. DISCUSSION

The Petitioners argue that the IJ and the BIA failed to consider all pertinent evidence. They state that the evidence should have been sufficient to grant asylum,

and that they were denied their constitutional right to an attorney when the BIA considered them pro se because their attorney failed to file a notice of appearance.

A. Motion to Reopen/Reconsider

We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. Assa'ad v. United States Attorney Gen., 332 F.3d 1321, 1340-41 (11th Cir. 2003), cert. denied, ___ U.S. ___125 S.Ct. 38 (2004); Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam) (quotation omitted). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotations omitted). Motions to reopen or reconsider are disfavored, especially in a deportation proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25 (1992).

5

### 1. Motion to Reopen

The BIA has the authority to grant a motion to reopen if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. §§ 1003.2(c)(1) & 1003.23(b)(3). The movant must submit "affidavits or other evidentiary materials." 8 C.F.R. § 1003.2(c). However, the BIA has the discretion to deny the motion even if the moving party has met its prima-facie burden to reopen. 8 C.F.R. § 1003.2(a). The BIA has indicated that its power to reopen cases sua sponte is limited to exceptional circumstances and is not meant to cure filing defects or circumvent the regulations, where enforcement might result in hardship. See In re J-J-, 21 I & N Dec. 976, 984 (BIA 1997). Although decisions not to reopen under § 1003.2(a) are reviewed for an abuse of discretion, § 1003.2(a) gives the BIA discretion to reopen the proceedings "as it sees fit," and such discretion is so wide that it is non-reviewable. See Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (per curiam).

Here, the BIA did not abuse its discretion in failing to grant the Petitioners' motion to reopen. First, the Petitioners failed to submit new evidence that was material and not available at the hearing or submit affidavits or other evidentiary materials. 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3). Second, the BIA has "non-reviewable discretion" in this area. See Anin, 188 F.3d at 1279.

6

2. Motion for Reconsideration

Under the regulations, a motion for reconsideration must specify "the errors of fact or law in the prior [BIA] decision." 8 C.F.R. § 1003.2(b)(1). When the BIA reconsiders one of its prior decisions, "it takes itself back in time and looks at the case as though a decision had never been entered." Zhao v. United States Dep't of Justice, 265 F.3d 83, 90 (2d Cir. 2001). Thus, if it grants the motion, it reevaluates its prior decision on the factual record as it existed at the time the original decision was rendered. Id.

The Petitioners failed to specify any "errors of fact or law" in the prior BIA decision, but rather only argued that the evidence the Petitioners presented should be "sufficient" to grant asylum. 8 C.F.R. § 1003.2(b)(1). As the Petitioners did not specifically address errors of fact or law, the BIA did not abuse its discretion in denying the Petitioners' motion.

B. Right to an Attorney

Aliens in removal proceedings may be represented, at no expense to the government, by counsel of the alien's choosing who is authorized to practice in such proceedings. Immigration & Nationality Act § 240(b)(4)(A), 8 U.S.C. § 1229a(b)(4)(A). There is no Sixth Amendment right to counsel in deportation proceedings, and aliens only enjoy the right to effective assistance of counsel pursuant to the Fifth Amendment Due Process Clause. Mejia Rodriguez, 178 F.3d

7

at 1146. Due process does not automatically mean a right to counsel.

Prichard-Ciriza v. INS, 978 F.2d 219, 222 (5th Cir. 1992). The constitutional right

under the Fifth Amendment Due Process Clause requires a fundamentally fair

hearing. Dakane v. United States Attorney Gen., 399 F.3d 1269, 1273 (11th Cir.

2004) (per curiam). To establish ineffective assistance of counsel, the alien must

show that counsel's performance harmed the fundamental fairness of the hearing.

See id. at 1273-74; Mejia Rodriguez, 178 F.3d at 1146.

We are "obligated to inquire into subject-matter jurisdiction sua sponte

whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir.

2004) (quotation omitted). We have jurisdiction only over a "final order of

removal," so long as the petition for review is filed within 30 days. 8 U.S.C.

§§ 1252(a)(1), (b)(1).

Here, the Petitioners argue that they were denied their constitutional right to

an attorney while appealing the merits of their asylum claim before the BIA, and

not concerning the denial of the motion for reopen/reconsider, which is at issue on

appeal and for which the Petitioners undisputably had counsel. Because the

Petitioners did not file a petition for review of the BIA's first order, which would

have been due on 14 May 2004, 30 days after the BIA's first order, we lack

jurisdiction to review this order. See 8 U.S.C. § 1252(b)(1); see also Stone v. INS,

514 U.S. 386, 394-95, 115 S. Ct. 1537, 1543-44 (1995) (concluding that

8

"deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider," and that "the filing of the reconsideration motion does not toll the time to petition for review"). In addition, even if the Petitioners had wanted to argue that they were denied their constitutional right to an attorney based on the representation concerning the motion to reopen/reconsider, the issue is abandoned because it is not discussed in the Petitioners' initial brief. See Allison v. McGhan Med. Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999).

## III. CONCLUSION

Petitioners appeal the BIA's denial of their motion to reopen their asylum and withholding of removal petition. Upon a review of the record and upon consideration of the Petitioners' brief, we discern no reversible error. Accordingly, we **AFFIRM** the BIA's decision and **DENY** the petition.