[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 14, 2005
THOMAS K. KAHN
CLERK

No. 04-16632
Non-Argument Calendar
_____

BIA Agency Nos. A78-580-172, A78-580-173

ROBERTO SALES LUIS,
ROBERTO SALES PEREZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____
(October 14, 2005)

Before ANDERSON, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Roberto Sales-Luis and his minor child, Roberto Sales-Perez, petition for review of the Board of Immigration Appeals' (BIA's) decision, dismissing their appeal of the Immigration Judge's (IJ's) removal order. Petitioners contend the BIA (1) abused its discretion by dismissing Petitioners' appeal of the IJ's denial of their motion for a continuance of their removal proceedings, (2) erred by dismissing Petitioners' ineffective assistance of counsel claim, and (3) erred by dismissing Petitioners' claim the IJ erroneously failed to consider their request for voluntary departure as one made prior to the conclusion of the proceedings. We deny their petition.

## I. BACKGROUND

Sales-Luis and Sales-Perez, both Guatemalan citizens, entered the United States at different times between December 1999 and January 2000. In October 2000, Sales-Luis and Sales-Perez were issued Notices to Appear (NA), alleging they were subject to removal because they had not been admitted or paroled into the United States after inspection by an Immigration Officer. At a preliminary hearing on December 27, 2000, an IJ–via an official interpreter from the immigration court–informed Sales-Luis he had a right to an attorney. The IJ indicated he was resetting the case in order to give Sales-Luis several months in which to find legal assistance. At the next hearing, on May 2, 2001, Sales-Luis again appeared without an attorney, and the IJ stated Sales-Luis would have to

represent himself and his son. Sales-Luis admitted the allegations against him and his son, and conceded removability. The IJ set a hearing date and reminded Sales-Luis he was "still welcome to get an attorney."

On February 14, 2002, before a different IJ, Petitioners appeared with their newly acquired attorney, Jack Phillips. Phillips filed a motion for continuance, indicating Petitioners had only recently retained him and requesting additional preparation time, which was granted. The next hearing took place on March 28, 2002, at which time Phillips filed another motion for continuance because he had not received documents from a Freedom of Information Act (FOIA) request to the Immigration and Naturalization Service (INS). One day prior to the next hearing, which took place on April 11, 2003, Phillips filed another motion for a continuance, which the court denied. Due to a scheduling error on the Government's part, however, the Government's trial attorney was not available for the hearing; accordingly, the IJ reset the hearing. Phillips stated he "had plans to be out of the country during that time" but would try to find "substitute counsel."

At the next hearing, on June 24, 2003, Sales-Luis appeared without Phillips. Earlier that morning, the court had received an emergency motion from Phillips, asking to continue the hearing because he suffered from chronic sleep disorder, anxiety, and depression. The IJ noted the letter from Phillips' doctor submitted in support of his motion was dated June 11, 2003, and, consequently, denied Phillips'

3

motion as untimely. The IJ further stated that, according to Phillips' motion, Phillips had suffered from his medical condition since childhood, but failed to bring this information to the court's attention in the "close to a year and a half" he represented Petitioners. After the IJ informed Sales-Luis that Phillips had filed a motion indicating he could not represent Sales-Luis due to his health, Sales-Luis stated it was "fine because that's what [Phillips had] been using in order to cancel all his appointments with [Sales-Luis] and then saying that he would see [Sales-Luis] in two or three months down the road." Sales-Luis then proceeded to testify about the grounds underlying his application for political asylum.

At the completion of Sales-Luis's testimony, the IJ reviewed the record and determined Sales-Luis was not eligible for voluntary departure, as he lacked the necessary physical presence in the United States. The IJ then issued an oral decision, denying Sales-Luis's application for asylum, 8 U.S.C. § 1158, and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(A), and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c).

Sales-Luis appealed the IJ's decision to the BIA, which dismissed Petitioners' appeal, finding the Petitioners failed to "put forth any argument on appeal that either the [IJ's] or [Phillips'] conduct caused them actual prejudice and

4

harm which would have materially affected the outcome of their requests for relief."

## II.  DISCUSSION

A.    *Motion for a Continuance*

Petitioners argue the IJ violated their due process rights by denying their motion for a continuance in order for them to obtain new counsel when their attorney failed to appear for their June 24, 2003, removal hearing.  According to Petitioners, "they did not have prior notice that their counsel was not going to appear, [and] it was likewise impossible for them to have secured other counsel to represent them that day."  Citing *Montilla v. INS*, 926 F.2d 162 (2d Cir. 1991), Petitioners contend that, because the INS failed to adhere to its own regulations regarding the right to counsel in a deportation hearing, they are not required to make a showing of prejudice.

We review an IJ's denial of a motion for a continuance for an abuse of discretion.  *See Olvera v. INS*, 504 F.2d 1372, 1374 (5th Cir. 1974); *see also Al Khouri v. Ashcroft*, 362 F.3d 461, 464 (8th Cir. 2004).  There is no Sixth Amendment right to counsel in deportation proceedings, and aliens only enjoy the right to effective assistance of counsel pursuant to the Fifth Amendment Due Process Clause.  *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999). Due process, however, does not automatically mean a right to counsel.

5

*Prichard-Ciriza v. INS*, 978 F.2d 219, 222 (5th Cir. 1992). To prevail on a due process challenge to a removal proceeding, the alien must demonstrate the alleged misconduct resulted in "substantial prejudice." *Mullen-Cofee v. INS*, 976 F.2d 1375, 1380 (11th Cir. 1992).

The BIA did not abuse its discretion by dismissing Petitioners' appeal of the IJ's denial of their motion for a continuance. Contrary to Petitioners' contentions, the INS did not fail to adhere to its own regulations, as Petitioners were given notice of their right to counsel and afforded the privilege of being represented by that counsel. *See* 8 U.S.C. §§ 1229(a)(1)(E), (b)(4)(A); 8 C.F.R. §§ 1003.16(b), 1240.10(a)(1). The IJ (1) previously explained to Sales-Luis his right to counsel, (2) twice continued the hearing in order for Sales-Luis to retain counsel, (3) informed Sales-Luis that, if he appeared without counsel, he would have to "go forward and speak for [him]self," and (4) again continued the hearing in order for Sales-Luis's counsel adequately to prepare. Accordingly, Petitioners' contention they need not show substantial prejudice fails. Because Petitioners fail to allege how they were prejudiced by the denial of their motion for a continuance, we deny the petition as to this motion.

B.    *Ineffective Assistance of Counsel Claim*

Petitioners next argue the BIA erred by denying their ineffective assistance of counsel claim, as "[t]here can be no greater example of ineffective assistance of

counsel [than] the present situation in which the Petitioners' former counsel abandoned them on the day of their individual hearing." Moreover, Petitioners argue, the IJ erred by (1) denying Phillips' emergency motion for a continuance, (2) denying Sales-Luis's oral motion for a continuance in order for him to secure new counsel, (3) not allowing Sales-Luis to confer with an attorney regarding voluntary departure, and (4) not allowing Petitioners "an opportunity to present their case," including allowing Sales-Luis to "make a statement on his or his son's behalf, call other witnesses, or introduce evidence."

We review constitutional challenges de novo. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003). "[T]o establish the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish his or her counsel's performance was deficient to the point that it impinged the 'fundamental fairness' of the hearing." *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1221 (11th Cir. 2003) (internal quotations and citation omitted). "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005).

Petitioners have failed to demonstrate what prejudice they suffered on account of Phillips' ineffective assistance of counsel. Aside from speculating as to how a competent attorney might have conducted himself at the hearing, Petitioners

7

fail to set forth how their proceedings would have been different had their counsel been present, including what, if any, additional (1) evidence would have been presented, (2) testimony would have been offered, and (3) witnesses would have testified. Moreover, Petitioners fail to explain how any such evidence would have changed the outcome of the proceedings. Consequently, Petitioners failed to establish their proceedings would have differed but for their counsel's deficient performance. Their ineffective assistance of counsel claim therefore fails, and we deny their petition as to this issue.

C.      *Request for Voluntary Departure*

Finally, Petitioners argue the IJ (1) ignored their request for voluntary departure, and (2) failed to explain, and even confused, the distinction between requesting voluntary departure "during proceedings as opposed to requesting [v]oluntary [d]eparture at the conclusion of proceedings." Consequently, Petitioners argue, they were unable to make an "informed decision" regarding whether to pursue voluntary departure, especially since they were without counsel.

The Immigration and Naturalization Act distinguishes between an IJ granting voluntary departure "[p]rior to completion of [the] removal proceedings," 8 C.F.R. § 1240.26(b), and "[a]t the conclusion of the removal proceedings," 8 C.F.R. § 1240.26(c). To obtain a grant of voluntary departure prior to the conclusion of the proceedings, an alien must "[m]ake[] such request prior to or at

8

the master calendar hearing at which the case is initially calendared for a merits hearing." 8 C.F.R. § 1240.26(b)(1)(i)(A). Alternatively, the Government's counsel may stipulate to a grant of voluntary departure "at any time prior to the completion of removal proceedings." 8 C.F.R. § 1240.26(b)(2). Granting of voluntary departure at the conclusion of the proceedings, on the other hand, requires the alien to have been "physically present in the United States for a period of at least one year preceding the date the Notice to Appear was served." 8 C.F.R. § 1240.26(c)(1)(i).

According to 8 U.S.C. § 1229c(f), we lack jurisdiction "over an appeal from denial of a request for an order of voluntary departure *under subsection (b)* of this section." The "subsection (b)" to which § 1229c(f) refers pertains to requests for voluntary departure made "[a]t conclusion of proceedings." *See* 8 U.S.C. § 1229c(b). Here, Petitioners do not ask us to review the denial of a request for voluntary departure made at the conclusion of the proceedings. Rather, Petitioners' assert the IJ erroneously thwarted their desire to obtain voluntary departure prior to completion of the removal proceedings. Therefore, we have jurisdiction over Petitioners' claim.

Regardless, Petitioners' argument fails. First, Petitioners' failure to request voluntary departure at the master calendar hearing on May 2, 2001, renders untimely their claim for voluntary departure under 8 C.F.R. § 1240.26(b)(1)(i)(A).

9

Second, Petitioners' contention they were "uninformed" and "confused" regarding voluntary departure lacks merit, because they chose to appear at the master calendar hearing without counsel after being informed of their right to counsel at their initial hearing and receiving five months to retain counsel. Furthermore, Petitioners cite no authority requiring an IJ to inquire sua sponte whether the government would be willing to stipulate to voluntary departure under § 1240.26(b)(2). The IJ did not err by refusing to consider the petitioners' request for voluntary departure as one made prior to the completion of the removal proceedings, and we deny their petition as to this issue.

### III. CONCLUSION

Petitioners (1) failed to allege how they were prejudiced by the denial of their motion for a continuance, (2) failed to establish their proceedings would have differed but for their counsel's deficient performance, and (3) failed to request voluntary departure at the master calendar hearing. Accordingly, all three of their claims lack merit and we deny their petition.

PETITION DENIED.