**Jose Francisco SOTO, also known as Jose Tapia Soto, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 12–60238
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 26, 2013.

Doug Michael Keller, Baker Williams Matthiesen, L.L.P., Nilam Ajit Sanghvi, Washington, DC, for Petitioner.

David Nicholas Harling, Trial Attorney, Tangerlia Cox, Thankful Townsend Vanderstar, Esq., U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Jose Francisco Soto petitions this court to review the dismissal by the Board of Immigration Appeals (BIA) of his appeal from a final order of removal. Soto argues that he is entitled to a new hearing because 8 C.F.R. § 1240.10(a)(1) unambiguously required the immigration judge (IJ) to have Soto "state then and there" at the removal hearing whether he desired representation and the IJ failed to elicit Soto's express statement. Soto posits that if an agency violates its own regulation and that regulation helps to protect a constitutional or statutory right, a new hearing is required without requiring the alien to show that the violation caused prejudice because such a violation is prejudice per se.

Because Soto's claim is grounded in his claim that he was denied the right to counsel, we have jurisdiction over the appeal. *See Mai v. Gonzales,* 473 F.3d 162, 164 (5th Cir.2006). We review the BIA's decision and consider the IJ's decision only to the extent that it influenced the BIA. *Ogunfuye v. Holder,* 610 F.3d 303, 305 (5th Cir.2010). The BIA's conclusions of law are reviewed de novo. *Id.*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We need not reach Soto's arguments that § 1240.10(a)(1) is unambiguous and that the BIA's interpretation of the regulation is not entitled to deference because, contrary to his assertion, Soto is required to make an initial showing of substantial prejudice. Section 1240.10(a)(1) provides that the IJ in a removal proceeding shall "[a]dvise the respondent of his or her right to representation, at no expense to the government, by counsel of his or her own choice authorized to practice in the proceedings and require the respondent to state then and there whether he or she desires representation." The regulation implements 8 U.S.C. § 1362, which provides that an alien "shall have the *privilege* of being represented (at no expense to the Government)...." *See* 8 U.S.C. § 1362 (emphasis added).

As nothing in § 1362 required the IJ to elicit from Soto at the removal hearing an express statement as to whether he desired representation, § 1240.10(a)(1) is not a regulation that enforces a fundamental statutory right. *See Arzanipour v. INS*, 866 F.2d 743, 743 (5th Cir.1989). Further, Soto's argument that § 1240.10(a)(1) enforces his Fifth Amendment due process right to counsel belies his argument that he is not required to make an initial showing of prejudice. In *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir.1993), this court recognized that "the absence of an attorney may create a due process violation if the defect impinged upon the fundamental fairness of the hearing in violation of the fifth amendment," and there was substantial prejudice. *Id.* (internal quotation marks and citation omitted). "Due process challenges to deportation proceedings require an initial showing of substantial prejudice." *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir.1997). Before we will intervene in the outcome of a removal hearing based on a lack of representation, the alien must demonstrate prejudice that implicat-ed the fundamental fairness of the proceeding. *Prichard–Ciriza v. INS*, 978 F.2d 219, 222 (5th Cir.1992).

The IJ informed Soto of his right to be represented by counsel, gave him a list of low cost counsel, and offered a continuance for him to obtain counsel. The IJ also addressed Soto individually and demanded a verbal response to ensure that Soto understood the rights the IJ had described. Moreover, Soto, now represented by counsel, has not advanced grounds for relief that were available at the time of the removal hearing that an attorney might have brought to the IJ's attention.

Soto has not shown that he was denied a full and fair hearing, and he has not made the initial requisite showing that the alleged violation of § 1240.10(a)(1) prejudiced him; he has not presented sufficient grounds to require that he receive a new hearing. *See Anwar*, 116 F.3d at 144; *Prichard–Ciriza*, 978 F.2d at 222. Accordingly, his petition for review is DENIED.