# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2013

Lyle W. Cayce
Clerk

No. 13-60188
Summary Calendar

LI ZHU,

Petitioner

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 205 201 149

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.
PER CURIAM:[*]

Li Zhu, a native and citizen of China, applied for asylum under the Immigration and Nationality Act (INA), withholding of removal under the INA, and relief under the Convention Against Torture (CAT) based on her religion, her political opinion, and her membership in a particular social group. The Immigration Judge (IJ) made an adverse credibility finding and determined that Zhu failed to satisfy her burden of proof for asylum or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60188

withholding of removal under either the INA or the CAT. The IJ alternatively determined that even if Zhu was credible, she nevertheless failed to satisfy her burdens of proof.  The IJ's decision was upheld by the Board of Immigration Appeals (BIA) when it dismissed Zhu's appeal.

First, Zhu argues that her decision to proceed pro se during her merits hearing was unknowing and involuntary.  We review due process challenges to immigration proceedings de novo.  *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).  The record reflects that (1) Zhu was initially represented by counsel, who advised her regarding the nature and purpose of the removal proceedings as well as her rights during the proceedings; (2) the IJ granted counsel's motion to withdraw with Zhu's consent; and (3) the IJ twice asked Zhu if she wanted a continuance to retain new counsel, but she indicated that she would proceed pro se.  The BIA found that Zhu was apprised of her right to counsel and, further, that Zhu failed to show that she was prejudiced by the lack of counsel.

Zhu fails to identify any evidence supporting her assertion that she did not understand or was confused about her decision to waive her right to counsel.  Nor does she identify any evidence supporting her assertion that she was prejudiced by her lack of counsel.  In particular, Zhu does not explain what documentary evidence an attorney would have offered or how that evidence would have altered the outcome of her case.  Accordingly, Zhu has failed to show that she suffered substantial prejudice by proceeding without counsel. *See Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993); *Prichard-Ciriza v. INS*, 978 F.2d 219, 222 (5th Cir. 1992).

Next, Zhu argues that the IJ's adverse credibility determination was erroneous.  We review questions of law de novo and factual findings for substantial evidence.  *Lopez-Gomez v. Aschroft*, 263 F.3d 442, 444 (5th Cir.

No. 13-60188

2001).  Under the substantial evidence standard, reversal is improper unless we decide that the evidence compels a contrary conclusion.  *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

In making a credibility determination, the IJ may consider, inter alia, "the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements [and] any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C).  Because an IJ "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an . . . applicant is not credible," we must defer to that determination "unless it is plain that no reasonable factfinder could make" such a ruling.  *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).

The IJ noted the following inconsistencies between Zhu's narrative statement and testimony: (1) the date Zhu first attended the underground church; (2) the frequency with which Zhu attended church meetings; (3) the date Zhu was arrested; (4) whether Zhu reported to the police station following her arrest; and (5) whether Zhu attended a different church following her arrest.  Zhu fails to show, as she must to prevail on review, that the record compels a contrary conclusion.  *See Chun*, 40 F.3d at 78.  Because the IJ based his denial of Zhu's application on his adverse credibility finding, this court need not consider Zhu's arguments regarding the lack of corroborating evidence or that she proved her eligibility for asylum, withholding of removal under the INA, and relief under the CAT.  *See id.* at 79.

Accordingly, Zhu's petition for review is DENIED.