# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60264
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2016

Lyle W. Cayce
Clerk

SELVIN ANTONIO FLORES CABRERA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 847 406

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Selvin Antonio Flores Cabrera, a native and citizen of Guatemala, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  He claimed that gang members engaged in extortion against him and his brothers and threatened to harm or kill them

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60264

if they stopped making payments and that police officers repeatedly demanded bribes from him for failing to carry identification documents.

First, Flores Cabrera argues that the IJ erred in relying on an Eighth Circuit decision, *Menjivar v. Gonzales*, 416 F.3d 918 (8th Cir. 2005). *Menjivar*, however, is consistent with our precedent. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

Next, Flores Cabrera contends that the IJ's rate of denying asylum claims far exceeds the national average and his rate of denying bond is also extremely high. There is no showing that the IJ was biased or that any alleged bias affected the outcome of the proceedings. *See Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012); *Ogunfuye v. Holder*, 610 F.3d 303, 306-07 (5th Cir. 2010). Further, the BIA did not err in holding that the IJ's rate of denying bond was not at issue because custody matters are handled in separate proceedings.

Flores Cabrera argues that the IJ erred in denying a continuance. Because Flores Cabrera raised this argument in his notice of appeal but did not address it in his subsequently filed brief to the BIA, he waived it. *See Claudio v. Holder*, 601 F.3d 316, 318 (5th Cir. 2010). We do not have jurisdiction to review this claim because it is not exhausted. *See Dale v. Holder*, 610 F.3d 294, 298-301 (5th Cir. 2010).

According to Flores Cabrera, the IJ violated his due process rights by giving his counsel no choice but to withdraw and, as a result, requiring him to proceed without counsel. Flores Cabrera stated that he wished to proceed pro se, and he has not demonstrated that the lack of counsel prejudiced him or caused the removal hearing to be fundamentally unfair. *See Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993); *Prichard-Ciriza v. INS*, 978 F.2d 219, 222 (5th Cir. 1992).

No. 15-60264

Further, Flores Cabrera contends that the IJ and BIA erred in denying his applications for asylum and withholding of removal. The BIA did not err in holding that Flores Cabrera did not demonstrate that he had a well-founded fear of persecution on account of his membership in a particular social group or any other protected ground. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

Finally, Flores Cabrera contends that the BIA erred in denying relief under the CAT. Substantial evidence supports the BIA's decision that he did not show that it was more likely than not that he would be tortured by or with the acquiescence of the Guatemalan government. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.