# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-60176
Summary Calendar

―――――――――

Onan Samuel Carrasco-Aguirre,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

―――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 135 379

―――――――――――――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2023

Lyle W. Cayce
Clerk

Before Jolly, Higginson, and Duncan, *Circuit Judges.*

Per Curiam:[*]

Onan Samuel Carrasco-Aguirre, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals upholding the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. He also moves to

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

place this case in abeyance until the BIA rules on his pending motion for reopening.

We review the BIA's decision and consider the decision of the immigration judge (IJ) only to the extent it influenced the BIA. *Nivelo Cardenas v. Garland*, 70 F.4th 232, 238 (5th Cir. 2023). Legal questions, including due process claims, are reviewed de novo. *Okpala v. Whitaker*, 908 F.3d 965, 969 (5th Cir. 2018); *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997). The BIA's factual findings are reviewed under the substantial evidence standard. *Okpala*, 908 F.3d at 968. We ordinarily may uphold the BIA's decision only on the basis of its stated rationale, but even if the BIA erred at some point in its analysis, "affirmance may be warranted where there is no realistic possibility" that the BIA's conclusion would have been different absent the error or that the BIA would reach a different conclusion on remand. *Nivelo Cardenas*, 70 F.4th at 238 (internal quotation marks and citation omitted); *see Ibrahim v. Garland*, 19 F.4th 819, 826-27 (5th Cir. 2021).

As an initial matter, the Government objects that some of the issues raised by Carrasco-Aguirre here are unexhausted for purposes of 8 U.S.C. § 1252(d)(1). Specifically, Carrasco-Aguirre's current challenge to the propriety of his notice to appear, argument that the IJ failed to fully develop the record, and contentions regarding new particular social groups were not raised or addressed in the BIA, even though Carrasco-Aguirre was represented by counsel then. The Government is correct that those issues are unexhausted, and we decline to consider them here. *See* § 1252(d)(1); *Medina Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Carrasco-Aguirre, who was pro se throughout the proceedings before the IJ, also argues that he was denied due process because the IJ violated his right to counsel and because the administrative record lacks a transcript of a March 5, 2018 hearing relevant to the issue. The lack of representation by

No. 23-60176

counsel may create a due process violation under the Fifth Amendment "if the defect impinged upon the fundamental fairness of the hearing" and resulted in substantial prejudice. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993) (internal quotation marks and citation omitted).

Carrasco-Aguirre disputes whether, at the March 5, 2018 hearing, the IJ advised him of his right to counsel and gave him a list of pro bono legal service providers. Irrespective of whether that occurred at the March 5th hearing, the transcribed hearings in the record show that the IJ repeatedly advised Carrasco-Aguirre during subsequent hearings to seek an attorney or help from pro bono legal service providers. Given the IJ's continuances of the case, Carrasco-Aguirre had over a year to obtain counsel before his merits hearing. When the merits hearing did occur, the IJ again questioned Carrasco-Aguirre about whether he had counsel and then confirmed that he was ready to proceed on his application.

Additionally, Carrasco-Aguirre's statements at his credible fear interview and an April 11, 2018 hearing indicate that he received a list of pro bono legal service providers. He was asked questions in those instances that specifically referred to him having received such a list, and his responses reflect that he had received the list. The BIA did not err in determining that there was no due process violation by the IJ with regard to violation of the right to counsel. *See Ogbemudia*, 988 F.2d at 599; *Prichard-Ciriza v. INS*, 978 F.2d 219, 222 (5th Cir. 1992). Furthermore, Carrasco-Aguirre has failed to specify how having counsel would have affected the outcome of his application for relief and thus has not demonstrated substantial prejudice relating to the lack of counsel. *See Okpala,* 908 F.3d at 971 (recognizing that showing substantial prejudice requires alien to make a prima facie showing that the alleged due process violation affected the outcome of the proceedings).

A showing of substantial prejudice is also required for a due process claim based on a missing hearing transcript. *Maniar v. Garland*, 998 F.3d 235, 241 (5th Cir. 2021).  As discussed above, even disregarding the March 5, 2018 hearing, the administrative record affirmatively shows that there was no violation of Carrasco-Aguirre's right to counsel.  Carrasco-Aguirre has not shown here that the absence of a transcript of the March 5, 2018 hearing has affected the outcome of his right-to-counsel claim.  *See id.*

Lastly, the BIA did not engage in impermissible factfinding because it was permitted to evaluate whether Carrasco-Aguirre's newly raised claim concerning the denial of counsel established an adequate basis for the remand he requested.  *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1063 (5th Cir. 2020).  In any event, denial of the petition of review is warranted here because there is no realistic possibility that the BIA would have reached a different conclusion absent any impermissible factfinding.  *See Nivelo Cardenas*, 70 F.4th at 244.

Carrasco-Aguirre's petition for review and motion for abeyance are DENIED.