Steve Anthony **TRENCH,** Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 85–1466.

United States Court of Appeals,
Tenth Circuit.

Feb. 14, 1986.

Laurie Brooke Seidenberg, of Seidenberg & Galvan, Laramie, Wyo., for petitioner.

Alison R. Drucker, Atty. (Richard K. Willard, Acting Asst. Atty. Gen., and Richard M. Evans, Asst. Director, with her on brief), Civil Div., Dept. of Justice, Washington, D.C., for respondent.

Before McKAY and SEYMOUR, Circuit Judges.[*]

McKAY, Circuit Judge.

An immigration judge found Steve Anthony Trench deportable under section 241(a)(4) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(a)(4),[1] because petitioner had been convicted of three crimes involving moral turpitude. Although the immigration judge gave petitioner several opportunities to secure counsel, petitioner, an indigent, was unable to do so and therefore represented himself at the deportation hearings and before the Board of Immigration Appeals, which dismissed his appeal. Petitioner secured counsel for his appeal to this court.

Petitioner raises two issues: First, whether the lack of counsel at his deportation hearings amounted to a deprivation of petitioner's fundamental right to due process; second, whether petitioner was denied his sixth amendment right to effective assistance of counsel because his attorneys at the underlying criminal proceedings failed to advise him of the possibility of deportation as a result of his guilty pleas to criminal offenses.

### I. Due Process

In a deportation hearing, due process requires that the alien be afforded a

---

[*] The Honorable Jean S. Breitenstein, United States Circuit Judge, heard oral argument in this case but did not participate in the final decision.

[1] 8 U.S.C. § 1251(a)(4) (1982) provides:

Any alien in the United States ... shall, upon the order of the Attorney General, be deported who—

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial.

full and fair hearing. *Wong Yang Sung v. McGraph*, 339 U.S. 33, 49–51, 70 S.Ct. 445, 454–55, 94 L.Ed. 616 (1950). Section 242(b) of the Immigration and Naturalization Act, 8 U.S.C. § 1252(b)(2) (1982), provides that in such a hearing, "the alien shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose." However, there is no right to appointed counsel in deportation proceedings, and "the fact that an alien is without counsel is not considered a denial of due process, if he does not show that he was prejudiced thereby." *Burquez v. INS*, 513 F.2d 751, 754 (10th Cir.1975). Thus, our inquiry is simply whether petitioner was prejudiced at the deportation hearings because he did not have counsel.

■ Petitioner contends he was prejudiced by the lack of counsel for the following reasons. First, an attorney could have applied for a withdrawal of petitioner's guilty pleas to the underlying criminal convictions and for judicial recommendations against deportation. Such action, however, would not be related to the administrative deportation hearing *per se*, but rather would be an attempt to secure collateral relief from the judicially-imposed convictions. As demonstrated hereafter, petitioner cannot collaterally attack the legitimacy of his state criminal convictions in the deportation proceedings. Thus, it is irrelevant for our purposes that an attorney might successfully have applied for the withdrawal of the guilty pleas or the judicial recommendations against deportation.

■ Second, petitioner contends that a lawyer could have prevented petitioner's "rap sheet" from being admitted into evidence. He maintains that had this evidence not been admitted, the government might not have sustained its burden of proving the requisite convictions. This argument fails to recognize that the immigration judge had before him other evidence, such as conviction records, sufficient to establish that petitioner had been convicted of three crimes involving moral turpitude. Moreover, petitioner did not contest the

truthfulness of the evidence admitted; in fact he admitted committing the offenses listed on his rap sheet. For these reasons we conclude that the admission into evidence of petitioner's rap sheet was not prejudicial.

■ Third, petitioner claims that an attorney could have presented evidence establishing that petitioner's two Colorado convictions arose out of the same criminal scheme; thus, petitioner argues, the government would have failed to establish the statutory requirement that an alien be convicted of two crimes "not arising out of a single scheme of criminal misconduct...." 8 U.S.C. § 1251(a)(4) (Supp. 1985). But this argument fails to recognize that even if the two Colorado convictions arose out of the same criminal scheme, the government also established that petitioner had been convicted of a third crime committed in Maryland, thus meeting the statutory requirement for deportation.

■ Petitioner's final argument is that an attorney could have done a better job in presenting his case to the Board of Immigration Appeals by submitting a legal brief, by providing case law to bolster petitioner's arguments, and by raising issues other than those raised by petitioner. However, in his appeal to this court, petitioner's counsel has submitted a brief raising new legal arguments. Having considered the issues that might have been raised with the assistance of counsel in petitioner's appeal to the Board, we conclude that petitioner's failure to assert those issues on his own was not prejudicial. Because petitioner has failed to demonstrate that he was prejudiced by the lack of counsel during his deportation hearings, we hold that he was not denied due process.

## II. Ineffective Assistance of Counsel

Petitioner contends he was denied his Sixth Amendment right to effective assistance of counsel in the predicate state criminal proceedings because his attorneys failed to advise him of the possibility of deportation as a result of his guilty pleas to criminal offenses.

■ The courts are divided on the question whether the failure to inform an alien of the immigration consequences of his guilty plea constitutes ineffective assistance of counsel. *Compare Commonwealth v. Wellington,* 305 Pa.Super. 24, 451 A.2d 223, 224–25 (1982) (ineffective assistance found), *and Edwards v. State,* 393 So.2d 597, 599 (Fla.Dist.Ct.App.) (ineffective assistance found under state constitution), *petition denied,* 402 So.2d 613 (1981), *with United States v. Santelises,* 509 F.2d 703, 704 (2d Cir.1975) (per curiam) (no ineffective assistance), *and United States v. Santelises,* 476 F.2d 787, 789–90 (2d Cir. 1973) (same), *and Tafoya v. State,* 500 P.2d 247, 251–52 (Alaska 1972) (same), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1973). However, we need not reach this issue because we hold that an alien cannot collaterally attack the legitimacy of a state criminal conviction in a deportation proceeding.

*Zinnanti v. INS,* 651 F.2d 420 (5th Cir. 1981), dealt with the precise question that is now before us. We agree with the Fifth Circuit's analysis of this issue:

> Immigration authorities must look solely to the judicial record of final conviction and may not make their own independent assessment of the validity of Zinnanti's guilty plea. *See, e.g., Longoria-Castenada v. INS,* 548 F.2d 233, 236 (8th Cir. 1977); *Lennon v. INS,* 527 F.2d 187, 194 n. 16 (2d Cir.1975). Allowing a collateral attack on a criminal conviction in administrative proceedings concerned with deportation could not, as a practical matter, assure a forum reasonably adapted to ascertaining the truth of the claims raised. It could only improvidently complicate the administrative process. Once the conviction becomes final, it provides a valid basis for deportation unless it is overturned in a post-conviction proceeding. Accordingly the order of deportation was properly issued.

651 F.2d at 421.

Quoting *Ocon-Perez v. INS,* 550 F.2d 1153, 1154 (9th Cir.1977), the *Zinnanti* court stated:

Petitioner's contention before the Immigration and Naturalization Service (INS) that the state court convictions were legally infirm was addressed to the wrong forum. As an administrative agency, the INS has no power to adjudicate the validity of state convictions underlying deportation proceedings. *Aguilera-Enriquez v. INS,* 516 F.2d 565, 570 (6th Cir.1975), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). Since the convictions were final—there were no appeals taken from them—there was an adequate basis for the order of deportation. *Id.; Marino v. INS,* 537 F.2d 686, 691–92 (2d Cir.1976).

*Zinnanti,* 651 F.2d at 421. Although petitioner may challenge the constitutionality of his guilty pleas in another forum, *see Downs-Morgan v. United States,* 765 F.2d 1534 (11th Cir.1985), the Board of Immigration Appeals was not authorized to evaluate the validity of petitioner's state court convictions.

The judgment of the trial court is affirmed and the automatic stay is dissolved.