941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Julio BAUTISTA-CONTRERAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-9589.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Julio Bautista-Contreras appeals the decision of the Board of Immigration Appeals (BIA) finding him deportable pursuant to section 241(a)(11) of the Immigration and Nationality Act (the Act). The BIA affirmed the Immigration Judge (IJ), who found the petitioner deportable under the Act because of his conviction for distribution of a controlled substance. The petitioner complains he was not afforded adequate opportunity to obtain counsel and was not placed under oath during the deportation proceedings. We affirm.
 
 
 3
 We review the IJ's decision not to grant a continuance for an abuse of discretion. Kashefi-Zihagh v. INS, 791 F.2d 708, 710-11 (9th Cir.1986). The same standard applies to our review of the decision to deny a change of venue. Maldonado-Perez v. INS, 865 F.2d 328, 335 (D.C.Cir.1989). A court abuses its discretion if its decision is "arbitrary, capricious, or whimsical." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990).
 
 
 4
 Petitioner complains of a lack of due process because the IJ did not grant him either sufficient continuances or a change of venue to more familiar environs so he could secure counsel. However, the petitioner had notice of the charge of deportability for over two years. The IJ granted him four continuances to obtain counsel. The petitioner had ample opportunity to obtain counsel. Moreover, to gain relief due to a lack of counsel, the petitioner must show prejudice resulting from the lack. Michelson v. INS, 897 F.2d 465, 468 (10th Cir.1990); Trench v. INS, 783 F.2d 181, 183 (10th Cir.), cert. denied, 479 U.S. 961 (1986). He has failed to make this showing. As an alien convicted of a controlled substance violation, the petitioner is deportable under 8 U.S.C. § 1251(a)(11). He cannot collaterally attack his drug conviction in the deportation proceeding, Trench, 783 F.2d at 184, and is ineligible for any statutory relief from deportation. See 8 U.S.C. § 1182(c) (potential waiver of inadmissibility unavailable); 8 U.S.C. § 1254(e) (voluntary departure option unavailable). He shows no prejudice from a lack of counsel, cf. Burquez v. INS, 513 F.2d 751, 755 (10th Cir.1975), and it was not an abuse of discretion to deny either a fifth continuance or a change of venue for petitioner to obtain counsel. Nor does the petitioner show any prejudice from the IJ's failure to place him under oath. This procedural error is not grounds for reversal. Cf. Becerra-Jimenez v. INS, 829 F.2d 996, 1000 (10th Cir.1987) (factual error harmless when no showing of prejudice).
 
 
 5
 We GRANT leave to proceed in forma pauperis because the petitioner presents a rational argument on the law and facts in support of the issues raised on appeal, Coppedge v. United States, 369 U.S. 438 (1962), and has shown an inability to pay the court costs and fees, Fed.R.App.P. 24(a). We AFFIRM the BIA. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3