**Luis O. GUIRACOCHA, a/k/a Luis O. Guiracocha–Caceres, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 07–1715.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) April 8, 2008.

Filed: April 21, 2008.

---

Aslan T. Soobzokov, Paterson, NJ, for Petitioner.

Richard M. Evans, Joan E. Smiley, Andrew Oliveira, United States Department Of Justice Office of Immigration Litigation, Washington, D.C., for Respondent.

Before: M. SMITH, HARDIMAN, and COWEN, Circuit Judges.

## OPINION

M. SMITH, Circuit Judge.

Luis O. Guiracocha, a native and citizen of Ecuador, entered the United States via Mexico in 1991 without inspection. In February of 2006, he pleaded guilty in the Superior Court of the State of New Jersey to criminal sexual contact with a fifteen year-old minor in violation of N.J. Stat. Ann. 2C:14–3b. Thereafter, he was served with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) for entering without inspection, and under 8 U.S.C. § 1182(a)(2)(A)(i) for committing a crime of moral turpitude. Guiracocha applied for cancellation of removal under 8 U.S.C. § 1229a, and moved to terminate the removal proceeding, arguing that the offense of conviction was not a crime involving moral turpitude. An Immigration Judge (IJ) denied the motion to terminate and determined that Guiracocha was ineligible for cancellation of removal. The Board of Immigration Appeals (BIA) affirmed the IJ's decision. This timely petition for review followed.[1]

1. The IJ exercised jurisdiction over the removal proceedings pursuant to 8 C.F.R. § 1208.2(b). The BIA had appellate jurisdiction pursuant to 8 C.F.R. § 1003.1(b). As the government concedes, we have jurisdiction under 8 U.S.C § 1252(a)(2)(D). For that reason, we deny the government's motion to dismiss for lack of jurisdiction, which was referred to us by the motions panel. We exercise plenary review over the legal question of whether a criminal offense constitutes a

■ Guiracocha contends that his offense of conviction does not constitute a crime of moral turpitude under § 1182(a)(2)(A)(i). Although "moral turpitude" is not defined by statute, in *Partyka v. Attorney General of United States,* 417 F.3d 408, 413 (3d Cir.2005), we acknowledged that the BIA had defined the term

"as conduct that is inherently base, vile, or depraved, contrary to the accepted rules of morality and the duties owed other persons, either individually or to society in general."

A longstanding test employed by the BIA to determine the existence of moral turpitude, which we find persuasive in a removal proceeding, asks "whether the act is accompanied by a vicious motive or corrupt mind." Accordingly, the Board has repeatedly "held that 'evil intent' is a requisite element for a crime involving moral turpitude."

417 F.3d at 413 (internal citations omitted). In addition, we noted that we had approved of the BIA's alternate approach that "found moral turpitude to inhere in serious crimes committed recklessly, *i.e.,* with a conscious disregard of a substantial and unjustifiable risk that serious injury or death would follow." *Id.* at 414. We declared that "[u]nder either standard, the hallmark of moral turpitude is a reprehensible act committed with an appreciable level of consciousness or deliberation." *Id.*

Here, Guiracocha contends that his offense of conviction was not a crime of moral turpitude. Because the parties agree that the statute of conviction is divisible, *see Partyka,* 417 F.3d at 411, we must "look to the record of conviction to determine whether the alien was convicted under that part of the statute defining a crime involving moral turpitude." *Id.* Here, the indictment charged that Guiracocha "did commit sexual contact upon

J.T., fifteen years old, by intentionally touching/masturbating his penis, for the purpose of degrading or humiliating the victim or to sexually arouse or sexually gratify the actor" in violation of N.J. Stat. Ann. 2C:14–3b. (AR 244). Guiracocha pleaded guilty to that offense on December 17, 2005, admitting that he touched his penis in front of the fifteen year-old to "feel good" and to gratify himself sexually. This is sufficient to establish that Guiracocha's offense of conviction was a "reprehensible act committed with an appreciable level of consciousness," thereby constituting a crime of moral turpitude.

■ Guiracocha also asserts that the facts in his case fail to support a conviction under a strict reading of the statute, that the photographic lineup was constitutionally infirm, that the grand jury proceeding was flawed, and that the state court erred in denying his post-conviction relief claim. For these reasons, Guiracocha submits that he should not be found deportable for committing a crime of moral turpitude.

In short, Guiracocha is attacking the validity of his state conviction. Section 1252(a) of the Immigration and Nationality Act authorizes judicial review of a "final order of *removal.*" 8 U.S.C. § 1252(a) (emphasis added). The grant of jurisdiction in § 1252(a) does not establish a mechanism for collateral attack upon an underlying state criminal conviction. *See Bagot v. Ashcroft,* 398 F.3d 252, 266 (3d Cir.2005) (citing *Drakes v. I.N.S.,* 330 F.3d 600 (3d Cir.2003)); *see also Vargas v. Dep't of Homeland Sec.,* 451 F.3d 1105, 1107 (10th Cir.2006) (reiterating that a " 'petitioner cannot collaterally attack the legitimacy of his state criminal convictions in the deportation proceedings' ") (quoting *Trench v. I.N.S.,* 783 F.2d 181, 183 (10th

crime of moral turpitude for purposes of 8 U.S.C. § 1182(a)(2)(A)(i). *Partyka v. Attorney*

*General of United States,* 417 F.3d 408, 411 (3d Cir.2005).

Cir.1986)); *Ortega de Robles v. I.N.S.*, 58 F.3d 1355, 1358 (9th Cir.1995) (instructing that "[c]riminal convictions cannot be collaterally attacked in deportation proceedings"); *Mansoori v. I.N.S.*, 32 F.3d 1020, 1023–24 (7th Cir.1994); *Gouveia v. I.N.S.*, 980 F.2d 814, 817 (1st Cir.1992); *Zinnanti v. I.N.S.*, 651 F.2d 420, 421 (5th Cir.1981) (per curiam); *Aguilera–Enriquez v. I.N.S.*, 516 F.2d 565, 570 (6th Cir.1975). Accordingly, we lack jurisdiction to review the validity of Guiracocha's state conviction, which is the basis for removal.

For the above reasons, we will deny the petition for review. As previously noted, the government's motion to dismiss for lack of jurisdiction is also denied.