FILED
United States Court of Appeals
Tenth Circuit

June 28, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

IOAN JOHN VASILIU,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 10-9563
(Petition for Review)

---

**ORDER**

---

Before **MATHESON**, **McKAY** and **EBEL**, Circuit Judges.

---

The Attorney General has filed a motion to publish the order and judgment previously issued on June 7, 2011. The motion is GRANTED. The published opinion is filed nunc pro tunc to that date, and a copy is attached.


Entered for the Court,


ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

June 7, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

IOAN JOHN VASILIU,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 10-9563

**PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS**

Submitted on the briefs:[*]

Michael G. McAtee, McAtee & Woods, P.C., Oklahoma City, Oklahoma, for
Petitioner.

Shelley R. Goad, Assistant Director, Jennifer R. Khouri, Trial Attorney, Office of
Immigration Litigation, Civil Division, U.S. Department of Justice, Washington,
D.C., for Respondent.

Before **MATHESON**, **McKAY** and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

**McKAY**, Circuit Judge.

Ioan John Vasiliu petitions for review of a final order of removal by the Board of Immigration Appeals (BIA), affirming an immigration judge's determination that he is removable as a criminal alien. We dismiss the petition for lack of jurisdiction.

Mr. Vasiliu is a native and citizen of Romania who was admitted to the United States as a permanent resident in 1982. In 1991, he pled guilty in New York to criminal possession of a weapon. In 2002, he pled guilty in Oklahoma to assault and battery/domestic abuse and was sentenced to a one-year term of imprisonment, which was suspended. Based upon these convictions, the Department of Homeland Security served Mr. Vasiliu with a notice to appear in August 2009, charging him with removability pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) (applicable to aliens convicted of aggravated felonies); 1227(a)(2)(C) (applicable to aliens convicted of certain firearms violations); and 1227(a)(2)(E)(i) (applicable to aliens convicted of crimes of domestic violence).

In a hearing before an immigration judge (IJ), Mr. Vasiliu admitted all of the allegations in the notice to appear and conceded removability pursuant to the cited statutory provisions. He did not submit any application for relief from removal. He represented, however, that his domestic-abuse conviction had been reopened by the Oklahoma state court and his New York firearms conviction had

been overturned. The IJ granted Mr. Vasiliu a continuance to allow him to obtain documentation to support his claims that the criminal convictions supporting the removability charge were not final. He subsequently submitted to the Immigration Court a copy of an application for post-conviction relief that he had filed in Oklahoma state court regarding his domestic-abuse conviction.

The IJ issued a written decision finding that Mr. Vasiliu had conceded removability based on the three charges against him, including the charge under § 1227(a)(2)(A)(iii) that he was removable as an aggravated felon, defined in 8 U.S.C. § 1101(a)(43)(F) as "a crime of violence . . . for which the term of imprisonment [is] at [] least one year." The IJ noted his application for post-conviction relief, but found that his Oklahoma conviction for domestic abuse was a final conviction based on his guilty plea, which was not appealed and had not been vacated. The IJ held that Mr. Vasiliu was ineligible for relief from removal and therefore ordered him removed to Romania.

Mr. Vasiliu appealed to the BIA, which issued a brief order affirming the IJ's decision for the reasons stated therein. Addressing his contention that his guilty plea to domestic abuse was constitutionally defective under *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), the BIA agreed with the IJ that there was no evidence in the record that the conviction had been invalidated on that basis. The BIA stated the *Padilla* "decision has done nothing to alter the longstanding rule

that, unless the judgment is void on its face, a conviction cannot be collaterally attacked in removal proceedings." Admin. R. at 3.

Mr. Vasiliu raises a single contention on appeal, asserting that his domestic-abuse conviction should be vacated because his criminal defense counsel provided constitutionally ineffective assistance by failing to advise him regarding the removal consequences of his guilty plea. He relies on the Supreme Court's holding in *Padilla*, that the Sixth-Amendment right to effective assistance of counsel requires criminal defense counsel to inform a client whether a guilty plea carries a risk of deportation. *See* 130 S. Ct. at 1486.

The government argues that, under 8 U.S.C. § 1252(a)(2)(C), this court does not have jurisdiction to review the BIA's order finding Mr. Vasiliu removable as an aggravated felon. *See id.* (depriving courts of jurisdiction to review removal orders against criminal aliens, including aggravated felons covered by § 1227(a)(2)(A)(iii)). This jurisdictional prohibition is qualified by § 1252(a)(2)(D), however, which provides that "[n]othing in [§ 1252(a)(2)(C)] which limits or eliminates judicial review[] shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." As we explained in *Vargas v. Department of Homeland Security*, 451 F.3d 1105, 1107 (10th Cir. 2006), the combined effect of these interactive provisions grants us jurisdiction over orders

removing aggravated felons, but only insofar as the petition for review raises constitutional or legal challenges to the removal order.

The government maintains that our jurisdiction under § 1252(a)(2)(D) extends only to the review of *colorable* constitutional claims and that Mr. Vasiliu's *Padilla* claim is substantively meritless. But whether his contention has merit or not, we cannot address it because a challenge to an alien's criminal conviction, upon which a removal order is based, is beyond the scope of removal proceedings. *See Trench v. INS*, 783 F.2d 181, 183-84 (10th Cir. 1986).

Like Mr. Vasiliu, the petitioner in *Trench* argued in his deportation proceeding that he had been denied effective assistance of counsel when his criminal defense counsel failed to advise him of the possibility of deportation as a result of his guilty pleas. *See id.* at 183. While noting this constitutional question remained unsettled at that time, we did not reach the issue because "an alien cannot collaterally attack the legitimacy of a state criminal conviction in a deportation proceeding." *Id.* at 184. We explained that administrative removal proceedings are not "a forum reasonably adapted to ascertaining the truth of the claims raised." *Id.* (quotation omitted). Rather, "[i]mmigration authorities must look solely to the judicial record of final conviction and may not make their own independent assessment of the validity of [an alien's] guilty plea." *Id.* (quotation omitted). Thus, "[o]nce the conviction becomes final, it provides a valid basis for deportation unless it is overturned in a post-conviction proceeding." *Id.*

-5-

(quotation omitted); *see also Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1128-29 (10th Cir. 2005) (following consensus view that conviction vacated on the merits in state-court post-conviction proceeding cannot support removal).

Even after our jurisdiction to review removal orders against aggravated felons was partially restored by § 1252(a)(2)(D), to the extent a petition raises "constitutional claims or questions of law," we have adhered to the rule that collateral challenges to predicate criminal convictions "are beyond the scope of these proceedings," *Vargas*, 451 F.3d at 1107 (declining to consider due-process claims with respect to aggravated-felony conviction, including claim that criminal defense counsel told alien guilty pleas would not subject him to deportation). And the Supreme Court's decision in *Padilla* did not alter that rule. *See Garcia v. Holder*, 638 F.3d 511, 518 (6th Cir. 2011) (holding alien could not raise in immigration proceeding a claim of ineffective assistance of criminal defense counsel based on holding in *Padilla*).

Mr. Vasiliu may challenge, in a proper forum, the constitutionality of his guilty plea resulting in his domestic-abuse conviction. Indeed, he has raised his claim of ineffective assistance in his state-court application for post-conviction relief. But he may not collaterally attack that conviction in this removal proceeding.[1] Because the only constitutional objection asserted in the petition

---

[1]      To the extent Mr. Vasiliu contends that the removal order itself violates due

(continued...)

raises collateral issues that are, for established reasons, categorically beyond the scope of our review, we lack jurisdiction over the proceeding.

The petition for review is DISMISSED.

---

[1](...continued)
process because of his counsel's ineffective assistance with respect to his guilty plea to domestic abuse, such a claim would necessarily require us to determine the merits of his collateral attack on that conviction.