**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

OMAR GARCIA-TINOCO,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 11-9518
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Omar Garcia-Tinoco, a native and citizen of Mexico, challenges the Bureau

of Immigration Appeals' (BIA's) decision dismissing his appeal of a removal

order. Because we lack jurisdiction, we dismiss Garcia-Tinoco's petition.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

Garcia-Tinoco entered the United States without inspection in 1994. Five years later, he pleaded guilty in Colorado state court to possession of cocaine. In 2010, the Department of Homeland Security commenced removal proceedings against him. He appeared before an immigration judge ("IJ") and conceded that he was in the country illegally, but contested removal on the basis of his controlled-substance conviction because he was "in the process of withdrawing his guilty plea pursuant to a violation of his constitutional rights." To that end, Garcia-Tinoco filed a post-conviction petition in state court, arguing that his guilty plea was the result of ineffective assistance of counsel. He also moved to continue the removal proceedings until the resolution of his post-conviction petition. The IJ denied the motion and ordered Garcia-Tinoco removed to Mexico. The BIA affirmed, stating that the IJ was not required to grant a continuance because Garcia-Tinoco's "collateral attack upon his conviction d[id] not operate to negate its validity." Garcia-Tinoco now asks us to reverse the decision of the IJ and hold that he established good cause for a continuance.

## II

We have limited power to review orders removing noncitizens who are removable because of certain criminal offenses, including Garcia-Tinoco's cocaine-possession offense. 8 U.S.C. § 1252(a)(2)(C) (eliminating judicial review of removal orders "against an alien who is removable by reason of having

committed a criminal offense covered in section 1182(a)(2)");
§ 1182(a)(2)(A)(i)(II) (violation of a "law relating to a controlled substance" renders a noncitizen removable). This court can review such removal orders only to the extent that they implicate constitutional claims or questions of law. § 1252(a)(2)(D). Garcia-Tinoco does not raise any legal or constitutional challenges; instead, he argues that the IJ abused his discretion by denying the continuance. We have no jurisdiction to review his claim: Section 1252(a)(2)(C) clearly precludes us from hearing a complaint concerning "the way the IJ and BIA exercised their discretion" in denying a continuance. Waugh v. Holder, 642 F.3d 1279, 1285 (10th Cir 2011).

To the extent that Garcia-Tinoco argues that alleged constitutional violations in his underlying criminal case provide jurisdiction, that argument is similarly unavailing. Constitutional infirmities in collateral proceedings are "categorically beyond the scope of our review" and do not give rise to jurisdiction under § 1252(a)(2)(D). Vasiliu v. Holder, 651 F.3d 1185, 1188 (10th Cir. 2011).

**III**

The petition for review is **DISMISSED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-3-