**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1590
_____

ELIE MICHEL HANNA,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-166-143)
Immigration Judge:  Honorable Susan G. Roy
_____

Submitted under Third Circuit LAR 34.1(a)
on August 8, 2012

Before:  SMITH, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 11, 2012)
_____

O P I N I O N
_____

PER CURIAM

        Elie Michel Hanna seeks review of the denial of his motion to reopen immigration

proceedings.  Lacking jurisdiction, we will dismiss the petition for review.

        Hanna is a native and citizen of Lebanon.  In 2008, he was convicted of a New

Jersey drug offense (a violation of N.J. Stat. Ann. § 2C:35-7). Hanna was thereafter charged with being removable from the United States as an aggravated felon (8 U.S.C. § 1227(a)(2)(A)(iii)). Appearing before an immigration judge (IJ), Hanna conceded the charges against him and declined to request relief from removal, at which point the IJ entered an order of removal and noted that both parties had waived their appellate rights.

Some time later, Hanna filed a motion proceedings, arguing that his New Jersey trial counsel had been ineffective and pointing out that he had recently initiated a state collateral attack on his conviction. The IJ denied the motion to reopen and the Board of Immigration Appeals (BIA) dismissed Hanna's appeal. Hanna now seeks review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a) to review final orders of removal; however, that jurisdiction is not without limits. Because Hanna is a criminal alien removable under 8 U.S.C. § 1227(a)(2)(A)(iii), we may review only "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C)–(D). These claims and questions must be "colorable," meaning they cannot be insubstantial, frivolous, or based on an otherwise-unreviewable ground "dressed up" in legal clothing. See Pareja v. Att'y Gen., 615 F.3d 180, 187 (3d Cir. 2010). Another limitation on our jurisdiction, 8 U.S.C. § 1252(g), prevents the review of claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Finally, we cannot review claims that were not raised before the agency. 8 U.S.C. § 1252(d); Hoxha v. Holder, 559 F.3d 157, 159 n.3 (3d Cir. 2009).

None of the claims raised in this petition for review is colorable; indeed, each suffers from readily identifiable jurisdictional defects.  First, Hanna assails the ineffectiveness of trial counsel in his New Jersey criminal proceedings.  But "a challenge to an alien's criminal conviction, upon which a removal order is based, is beyond the scope of removal proceedings." Vasiliu v. Holder, 651 F.3d 1185, 1187 (10th Cir. 2011); accord Drakes v. INS, 330 F.3d 600, 606 (3d Cir. 2003).  The pendency of a collateral attack on a conviction is not relevant.  Paredes v. Att'y Gen., 528 F.3d 196, 198–99 (3d Cir. 2008).  To the extent that Hanna attacks the conduct of his prior immigration counsel, we agree with the Government that he failed to allege such ineffectiveness before the agency, and the claim is therefore unexhausted and barred.  Hanna's final argument, urging the exercise of prosecutorial discretion, is precisely the sort of claim proscribed by 8 U.S.C. § 1252(g).  See Chehazeh v. Att'y Gen., 666 F.3d 118, 134 (3d Cir. 2012) (citing Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 485 (U.S. 1999)); see also S-Cheng v. Ashcroft, 380 F.3d 320, 324 (8th Cir. 2004).

In sum, as no claim within this petition for review is either colorable or permitted by statute, we lack jurisdiction.  Accordingly, the petition will be dismissed.