FILED
United States Court of Appeals
Tenth Circuit

January 28, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OLADIPO ADEWUYI,

　　　　　Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

　　　　　Respondent.

No. 12-9548
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

　　　　　Oladipo Adewuyi, a native and citizen of Nigeria, petitions for review of a

removal order issued by the Department of Homeland Security (DHS).  Exercising

our jurisdiction under 8 U.S.C. § 1252, we deny the petition.

---

[*]　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Petitioner entered the United States in 2003 after presenting altered entry documents. In 2011, he was charged in federal district court with knowingly using a document procured by fraud, a Kansas driver's license, as evidence of authorized stay and employment in the United States in violation of 18 U.S.C. § 1546(a). With the advice of counsel, petitioner pled guilty to the charge and was thereafter sentenced to twelve months and one day of imprisonment. In March 2012, DHS served petitioner with a Notice of Intent to Issue a Final Administrative Removal Order (NOI) on the basis that petitioner's conviction under § 1546(a) was an "aggravated felony" under the Immigration and Nationality Act (INA), as defined in 8 U.S.C. § 1101(a)(43)(P). Accordingly, DHS alleged petitioner was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

The NOI was issued pursuant to 8 U.S.C. § 1228(b) and, therefore, petitioner was subjected to expedited removal proceedings involving determination of removability by an immigration service officer. *See generally* 8 C.F.R. § 238.1. The NOI informed petitioner that he had ten days to respond to the charges, including obtaining legal representation, reviewing the government's evidence, rebutting the charges, and requesting an extension of time. Petitioner refused to acknowledge service of the NOI and contested removability. He did not obtain counsel but timely responded to the NOI, arguing that he was not an aggravated felon because he

- 2 -

qualified for an exception to the aggravated felony definition and submitting supporting documents to DHS. On March 21, 2012, a DHS service officer issued a Final Administrative Removal Order concluding that by "clear, convincing, and unequivocal evidence," petitioner was removable as an alien convicted of an aggravated felony under § 1227(a)(2)(A)(iii). *See* 8 C.F.R. § 238.1(d)(2). Petitioner then filed the instant petition for review, challenging the removal order's characterization of his conviction as an aggravated felony.

## II. Discussion

We first address jurisdiction. Although Congress has explicitly barred our jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to review final orders of removal against an alien who is removable for committing a crime covered by § 1227(a)(2)(A)(iii), which includes aggravated felonies, we retain jurisdiction to review constitutional claims or questions of law raised in a petition for review, 8 U.S.C. § 1252(a)(2)(D). Petitioner raises three arguments: 1) that he is not an aggravated felon because his offense of using a fraudulent driver's license to gain employment, in violation of § 1546(a), is more appropriately described under 18 U.S.C. § 1546(b); 2) that he qualifies for an exception identified in the definition of "aggravated felony" under § 1101(a)(43)(P); and 3) that Congress's goal of promoting family unity in immigration laws further supports application of the exception in § 1101(a)(43)(P).

As we review the petition, the first argument does not qualify as a constitutional or legal challenge to the removal order but instead amounts to a

- 3 -

collateral attack on petitioner's federal conviction under § 1546(a). *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (noting that a collateral attack "complain[s] about the substance of, or proceedings, that determined a defendant's original sentence or conviction."). Petitioner argues, in essence, that he is not an aggravated felon because his offense falls more appropriately under § 1546(b) – which is not an enumerated "aggravated felony" under the INA – instead of § 1546(a) – which is. As pertinent to petitioner, § 1546(a) prohibits the use or possession of a "document prescribed by statute or regulation . . . as evidence of authorized stay or employment in the United States" knowing the document to have been procured by fraud. 18 U.S.C. § 1546(a).[1] Petitioner pled guilty to this offense under the advice of counsel but claims here that a driver's license is not the kind of

---

[1]     As relevant to petitioner, a portion of the full text of § 1546(a) reads:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained . . . [s]hall be fined under this title or imprisoned. . . .

document described in § 1546(a) and is, instead, "merely a means of identification." Aplt. Opening Br. at 2, 3. Accordingly, he asserts that his "offense should have read: 'use and possession of a fraudulent means of identification' which is not described in 18 U.S.C. 1546(a)" and instead is described under § 1546(b). Aplt. Opening Br. at 4.

But whether petitioner's contention has merit or not, "we cannot address it because a challenge to an alien's criminal conviction, upon which a removal order is based, is beyond the scope of removal proceedings." *Vasiliu v. Holder*, 651 F.3d 1185, 1187 (10th Cir. 2011). This is so because "[i]mmigration authorities . . . may not make their own independent assessment of the validity of [an alien's] guilty plea" and, therefore, "[o]nce the conviction becomes final, it provides a valid basis for deportation unless it is overturned in a post-conviction proceeding." *Trench v. INS*, 783 F.2d 181, 184 (10th Cir. 1986) (internal quotation marks omitted). Thus, to the extent that petitioner challenges the factual or legal basis of his guilty plea to violation of § 1546(a), he may not collaterally attack that conviction in this removal proceeding. *See Vasiliu*, 651 F.3d at 1187-88. If petitioner has some constitutional basis to appeal the conviction based on his guilty plea, he may make that challenge in an appropriate forum. *See id*. at 1187.

To the extent that petitioner asserts that his violation of § 1546(a) does not constitute an "aggravated felony" under the INA, this raises a question of law which we have jurisdiction to review. We review this issue de novo. *See United States v. Sanchez-Garcia*, 501 F.3d 1208, 1210 (10th Cir. 2007) (applying de novo review to

- 5 -

question of whether prior offense constituted a "crime of violence" for federal sentencing guideline purposes). In determining whether petitioner's offense qualifies as an "aggravated felony," we employ a categorical approach considering the statutory definition of the crime, not the underlying factual circumstances of the crime, and comparing it to the relevant definition of an aggravated felony under federal law. *See Rodriguez-Heredia v. Holder*, 639 F.3d 1264, 1267 (10th Cir. 2011) (applying categorical approach to determine whether state conviction constituted a crime of moral turpitude precluding cancellation of removal and noting that inquiry focuses on whether state statute creates a crime outside the generic definition of a listed crime in a federal statute).

An "aggravated felony" under § 1101(a)(43)(P) of the INA is defined in part as follows:

> an offense (i) which either is falsely making, forging, counterfeiting, mutilating, or altering a passport or instrument in violation of section 1543 of Title 18 or is described in section 1546(a) of such title (relating to document fraud) and (ii) for which the term of imprisonment is at least 12 months. . . .

8 U.S.C. § 1101(a)(43)(P). Petitioner was convicted under § 1546(a). Thus, the statute under which petitioner was convicted is expressly enumerated as an "aggravated felony" under § 1101(a)(43)(P).[2] And his sentence to imprisonment

---

[2] We need not determine whether petitioner's criminal offense is "*described in section 1546(a)*" because this is not a matter of determining whether violation of a state crime is encompassed under federal law to constitute an "aggravated felony" for purposes of immigration laws. Petitioner was not convicted of a state crime but

(continued)

- 6 -

exceeded one year. In so far as these requirements have been met, petitioner's offense qualifies as an "aggravated felony" under the INA.

But petitioner argues that he is not an aggravated felon because he qualifies for the exception for first time offenses under § 1101(a)(43)(P), which requires that petitioner affirmatively show that he "committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent . . . *to violate a provision of this chapter.*" 8 U.S.C. § 1101(a)(43)(P) (emphasis added).[3] Petitioner therefore bears the burden of showing that his conviction falls within the family exception.

Petitioner first argues that the family exception provision calls for a circumstance-specific approach, as opposed to a categorical approach, in determining the application of the exception to his offense. *See Nijhawan v. Holder*, 557 U.S. 29, 37-38 (2009) (examining § 1101(a)(43)(P) and recognizing that statutory language of family exception clause is not amenable to a categorical approach analysis because the clause does not refer to a generic crime but instead refers to "the particular circumstances in which the offender committed the crime on a particular occasion"). We do not dispute that a circumstance-specific approach to the family exception is

rather of a federal crime pursuant to § 1546(a), which is expressly identified as an "aggravated felony" in § 1101(a)(43)(P). *See* 8 U.S.C. § 1101(a)(43)(P).

[3] We refer to the exception identified in § 1101(a)(43)(P) hereinafter as the "family exception."

appropriate, but even examining the evidence petitioner submitted to DHS in support of application of the family exception, the merits of his argument fails.

Petitioner asserts that he qualifies for the family exception because he demonstrated that he committed his offense, using a fraudulent driver's license to gain employment, in order to assist his immediate family by providing financial support. But petitioner misconstrues the family exception. He must show that he committed his offense "for the purpose of assisting, abetting or aiding [his qualifying relatives] . . . *to violate a provision*" of the INA, § 1101(a)(43)(P) (emphasis added). *See, e.g.*, *United States v. Guzman-Mata*, 579 F.3d 1065, 1074-75 (9th Cir. 2009) (examining identical exemption provision in 8 U.S.C. § 1101(a)(43)(N) to offense related to alien smuggling and noting that alien presented no evidence that he committed offense of alien smuggling to help only members of his family). Petitioner has presented no evidence that he committed document fraud under § 1546(a) in order to help his family members violate a provision of the INA. The family exception therefore does not apply.

Finally, petitioner argues that Congress's intent to promote family unity further supports application of the family exception. Although we agree that our immigration framework values family unity, this is not Congress's only goal in formulating immigration laws. *See Holder v. Martinez Gutierrez*, ---U.S. --- , 132 S. Ct. 2011, 2019 (2012) (noting that promoting family unity underlies many immigration laws but that Congress did not pursue this goal "to the $n$th degree").

- 8 -

And petitioner's argument does not overcome the fact that he has not established that his circumstances fall within the family exception. *See id*. (rejecting argument that parents' years of continuous residence should be imputed to child in interpreting cancellation of removal statute that was silent on the subject merely because doing so would be family-friendly).

### III.    Conclusion

The petition for review is denied. Petitioner's motion to proceed on appeal without prepayment of costs or fees is granted.

Entered for the Court

Stephen H. Anderson
Circuit Judge