**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SERGIO MATA-AGUILAR,
a/k/a Sergio Aguilar,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 13-9591
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **McKAY**, and **PHILLIPS**, Circuit Judges.

---

Sergio Mata-Aguilar, a native and citizen of Mexico proceeding pro se, seeks

review of the Board of Immigration Appeals' (BIA) determination that he is

removable for having been convicted of an aggravated felony, *see* 8 U.S.C.

§ 1227(a)(2)(A)(iii), and its denial of his motion to remand. Exercising jurisdiction

under 8 U.S.C. § 1252(a)(2)(D), we deny review.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mata-Aguilar was a lawful permanent resident.  In 2006, he pleaded guilty in New Mexico state court to the offense of Battery Upon a Peace Officer, in violation of New Mexico Stat. Ann. § 30-22-24, and was sentenced to more than four years' imprisonment, with a portion of that sentence suspended.  Later he was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony.  The BIA concluded that he was removable because his battery conviction categorically qualified as a crime of violence under 18 U.S.C. § 16(b), and therefore it was an aggravated felony.  *See* 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" as "a crime of violence (as defined in section 16 of Title 18 . . . ) for which the term of imprisonment [is] at least one year" (footnote omitted)).

Under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . [§] 1227(a)(2)(A)(iii)."  This bar, however, is subject to an exception for constitutional claims and questions of law.  *See id.* § 1252(a)(2)(D).  "[T]he combined effect of these interactive provisions grants us jurisdiction over orders removing aggravated felons, but only insofar as the petition for review raises constitutional or legal challenges to the removal order." *Vasiliu v. Holder*, 651 F.3d 1185, 1187 (10th Cir. 2011).

Mr. Mata-Aguilar raises two issues in his opening brief, which we construe liberally because he proceeds pro se, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).  First, he asserts that the BIA "failed to consider several pieces of

evidence and arguments and ignored petitioner's defenses." Aplt. Br. at 3a. This is in the nature of a constitutional claim. *See Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) (reviewing under § 1252(a)(2)(D) an argument that BIA failed to consider relevant evidence because "an allegation of wholesale failure to consider evidence implicates due process" (internal quotation marks omitted)); *de la Llana-Castellon v. INS*, 16 F.3d 1093, 1096 (10th Cir. 1994) (due process "requires that the decisionmaker actually consider the evidence and argument that a party presents"). But the claim affords Mr. Mata-Aguilar no relief. He believes that the BIA did not consider his argument that "the battery charge wasn't committed intentionally since he was in fact drunk." Aplt. Br. at 4a. This argument, however, attempts to do something that Mr. Mata-Aguilar cannot do in removal proceedings— namely, attack the validity of his state criminal conviction. *See Waugh v. Holder*, 642 F.3d 1279, 1282-84 (10th Cir. 2011); *Vasiliu*, 651 F.3d at 1187-88; *Trench v. INS*, 783 F.2d 181, 184 (10th Cir. 1986). Even assuming that the BIA did not consider the argument, no remand is required; the argument was improper and the BIA could not grant relief, so the omission was harmless. *Cf. Nazaraghaie v. INS*, 102 F.3d 460, 465 (10th Cir. 1996) (stating that a due process argument "must fail" where the BIA's failure to consider all evidence would be harmless error).

Mr. Mata-Aguilar also challenges the BIA's denial of his motion to remand, which sought a remand on the ground that that the immigration judge (IJ) considered certain police reports that Mr. Mata-Aguilar considered inadmissible. We also

consider this in the nature of a constitutional claim. *See N-A-M v. Holder*, 587 F.3d 1052, 1057-58 (10th Cir. 2009) (considering a claim that the BIA's reliance on certain evidence violated petitioner's due process rights). But this claim also is meritless. The BIA's determinations that the New Mexico conviction constituted a crime of violence, and therefore that it satisfied § 1227(a)(2)(A)(iii), were based purely on legal analysis. The decision did not rest upon the police reports to which Mr. Mata-Aguilar objects. Therefore, there was no need for the BIA to remand for further consideration by the IJ.

Mr. Mata-Aguilar's motion to proceed without prepayment of costs or fees is granted. The petition for review is denied.

Entered for the Court


Monroe G. McKay
Circuit Judge