**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARLOS ISRAEL DONJUAN-LAREDO,

      Petitioner,

v.

JEFF SESSIONS,[*]
United States  Attorney General,

      Respondent.

No. 15-9568
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

    Carlos Israel Donjuan-Laredo is a native and citizen of Mexico.  In September

2011, he pleaded guilty to using a false immigration document for work purposes in

violation of 18 U.S.C. § 1546(b)(1).  In October 2011, he was convicted and

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Jeff Sessions is substituted for Loretta E. Lynch as the respondent in this action.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced to time served plus ten days. After the completion of his criminal sentence, the Department of Homeland Security (DHS) took him into custody and commenced removal proceedings against him, charging him with being unlawfully present in this country without proper admission or parole. *See* 8 U.S.C. § 1182(a)(6)(A)(i).

At a hearing before an Immigration Judge (IJ), Mr. Donjuan-Laredo conceded removability, but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ denied the application after finding that Mr. Donjuan-Laredo was statutorily ineligible for such relief due to his conviction for violating § 1546. The Board of Immigration Appeals (BIA) affirmed the IJ's decision. Mr. Donjuan-Laredo now petitions for review of that decision.

We first address our jurisdiction. Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." "We have construed the term 'judgment' in this subsection as referring to the discretionary aspects of a decision concerning cancellation of removal." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009). But we retain jurisdiction to review decisions under § 1229b that are non-discretionary in nature. *See Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148-49 (10th Cir. 2005). The agency's determination that Mr. Donjuan-Laredo has a conviction that disqualifies him from being eligible for cancellation of removal under the terms of the statute is not a discretionary decision as it does not "involve[] a judgment call by

2

the agency." *Id*. at 1149 (internal quotation marks omitted).  We therefore have jurisdiction to review the agency's decision to deny relief under § 1229b in this case.

A single member of the BIA issued a brief order affirming the IJ's decision. *See* 8 C.F.R. § 1003.1(e)(5).  "[T]he (e)(5) brief order . . . produces an independent BIA decision that constitutes the final order of removal under 8 U.S.C. § 1252(a)." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).  We review de novo the BIA's legal determination that Mr. Donjuan-Laredo's conviction makes him statutorily ineligible for cancellation of removal.  *See Herrera-Castillo v. Holder*, 573 F.3d 1004, 1007 (10th Cir. 2009).

To be eligible for cancellation of removal, Mr. Donjuan-Laredo needed to show:  (A) he had been physically present in the United States for a continuous period of at least ten years; (B) he had been a person of good moral character during that time; (C) he had not been convicted of an offense under 8 U.S.C. §§ 1182(a)(2), 1227(a)(2) or 1227(a)(3); and (D) his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative who is a United States citizen. 8 U.S.C. § 1229b(b)(1).  It is the third requirement that is relevant here.

Section 1227(a)(3)(B)(iii) provides that an alien who has been convicted of "a violation of, or an attempt or a conspiracy to violate, section 1546 of Title 18 (relating to fraud and misuse of visas, permits, and other entry documents), is deportable."  On October 7, 2011, Mr. Donjuan-Laredo was convicted of using false immigration documents in violation of 18 U.S.C. § 1546(b)(1).  Because he was convicted of violating § 1546, and because § 1546 is an offense described in

3

§ 1227(a)(3), the BIA agreed with the IJ that Mr. Donjuan-Laredo was ineligible for cancellation of removal.

Mr. Donjuan-Laredo admits that he pleaded guilty to violating 18 U.S.C. § 1546, but he argues that "[he] did not commit a crime of fraud and misuse of visas, permits, and other documents," Pet'r Br. at 10, and that his conviction is "an illegal conviction on its face," *id*. at 14. He also asserts that he received ineffective assistance of counsel during his criminal proceedings and that this should invalidate his conviction. But as the BIA explained in rejecting these arguments, the agency "cannot go behind [a] conviction and determine an alien's guilt or innocence," and it "may not entertain a collateral attack on [Mr. Donjuan-Laredo's] conviction." R. at 4. The BIA's decision is consistent with its own precedent. *See, e.g.*, *Matter of Madrigal-Calvo*, 21 I. & N. Dec. 323, 327 (BIA 1996) (holding that "the Immigration Judge and this Board cannot entertain a collateral attack on a judgment of conviction unless that judgment is void on its face, and cannot go behind the judicial record to determine the guilt or innocence of the alien").

Likewise, "we have adhered to the rule that collateral challenges to predicate criminal convictions are beyond the scope of [immigration] proceedings." *Vasiliu v. Holder*, 651 F.3d 1185, 1187 (10th Cir. 2011) (internal quotation marks omitted). As we have explained, "immigration authorities must look solely to the judicial record of final conviction and may not make their own independent assessment of the validity of an alien's guilty plea. Thus, once the conviction becomes final, it provides a valid basis for deportation unless it is overturned in a post-conviction proceeding."

4

*Id*. (brackets, citation, and internal quotation marks omitted). We therefore conclude that the BIA properly rejected Mr. Donjuan-Laredo's attempts to collaterally attack his conviction in his immigration proceedings.

Mr. Donjuan-Laredo also contends that his due process and equal protection rights were violated when the IJ denied his application for cancellation of removal by relying on his illegal conviction. Because this argument rests on the premise that Mr. Donjuan-Laredo's conviction is illegal, and because establishing that premise would involve an impermissible collateral review of his conviction in an immigration proceeding, the BIA properly rejected it.

Lastly, Mr. Donjuan-Laredo complains that the DHS failed to exercise its prosecutorial discretion to forego removal proceedings against him, and he complains that the IJ failed to review the DHS's refusal to exercise its prosecutorial discretion. But as the BIA explained, "the DHS's prosecutorial discretion is not subject to review by the [IJ]." R. at 4. We see no error in the BIA's decision as we have held that "neither an IJ nor the BIA has the authority to review the government's prosecutorial discretion decisions." *Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1315 (10th Cir. 2015).

We agree with the agency that Mr. Donjuan-Laredo's § 1546 conviction means he is statutorily ineligible for cancellation of removal. Accordingly, we deny his

petition for review. The sealed, ex parte attorney discipline order entered March 15, 2017 is discharged.

Entered for the Court

Timothy M. Tymkovich
Chief Judge